LOCKWOOD HYATT v. R. L. MYERS and another.

When a nuisance has been established by the verdict of a jury, the presiding Judge committed no error in giving the defendant to a certain time to abate it; and if that was not done, in giving the plaintiff the privilege of renewing his motion for an injunction.

This was a CIVIL ACTION for damages, together with an application for an injunction, tried before *Moore, J.,* at the Fall Term, 1874, of BEAUFORT Superior Court.

At the return term his Honor continued the motion for an injunction, for the purpose of submitting the allegations as to the nuisance complained of to a jury, with leave for the plaintiff to renew the motion at that time. His Honor also directed, for the purpose of informing the Court as to the facts upon which the plaintiff's motion for an injunction is based, that in addition to the issues arising from the pleadings, the following will be submitted. Can the plaintiff be protected from the nuisance of smoke and the damages of fire from defendant's engine by the adoption of any means or appliances known to art, while it remains in its present locality, if so, by what means?

On the trial the following issues were prepared and submitted by the plaintiff:

1. Was the plaintiff's residence set on fire by defendant's mill on the 24th of November last, and is said mill highly dangerous in its present location to plaintiff's residence?

2. Does the plaintiff and his family suffer great inconvenience and annoyance from the smoke, soot and cinders being blown from defendant's mill on and in the plaintiff's house, rendering his condition and that of his family uncomfortable and disagreeable, so as to be a nuisance to him?

Defendants offered certain issues which were not allowed to go to the jury by the Court, upon which defendants excepted.

The jury to whom the issues were submitted rendered their verdict that "the defendant's mill was a nuisance to the plain-

tiff and his family," having failed to agree as to the other questions submitted to them.

The defendants excepted to the sufficiency of the verdict, because the jury did not pass upon all the issues submitted to them.

The question of damages was not at first submitted to the jury, the plaintiff only claiming nominal damages. In recording the verdict his Honor directed the Clerk to enter of record that the jury assess plaintiff's damages at six pence, to which defendant's counsel objected; whereupon the Court instructed the jury that for every violation of a legal right the plaintiff was entitled at least to nominal damages, and that if the jury believed that the defendant's mill was a nuisance to the plaintiff, it was their duty to assess his damages at least one cent. Defendant objected.

The jury, upon further consideration, assessed nominal damages to the plaintiff, whereupon the following judgment was entered up by the Court.

Upon the finding of the jury the plaintiff renewed his motion for an injunction; and it is considered, &c., that the defendants add twenty feet to the height of the smoke-stack and attach thereto spark arresters, on or before the 1st day of August next. And if upon experiment, the nuisance is not abated by this addition to the smoke-stack, plaintiff has leave to renew his motion for a perpetual injunction. It is considered that plaintiff recover of the defendants the damages, &c.

From this judgment defendants appealed.

*Warren & Carter* and *Myers,* for appellants.
*A. M. Moore, Battle & Son* and *J. A. Moore,* contra.

SETTLE, J.   While Courts of equity are slow to interfere in cases of private nuisance, yet they will do so if the fact of nuisance be admitted or established at law, whenever the nature of the injury is such that it cannot be adequately compensated

by damages, *or will occasion a constantly recurring grievance.*
Adams Eq. 211; Story Eq. 926; 2 Dev. Eq. 38.

In the case before us, the plaintiff having established the
nuisance by an issue before a jury, may sue repeatedly and in
that way, probably, compel the defendant to abate it.

Failing in that, under our old system his remedy would be
to file a bill in equity. And then whether equity would enjoin
or not, would depend upon circumstances. If the nuisance
were serious and wanton, then it would be restrained as a mat-
ter of course. So too, if it were continuing and constantly
annoying. But otherwise, if it were useful to the defendant
and of trifling injury to the plaintiff, for this, compensation
could be made in damages; or if the public benefit over-bal-
anced the private injury, for these, private interest must yield
to the public good upon fair consideration. Under our new
system, blending law and equity, everything may be consid-
ered in the present action.

The plaintiff having established the nuisance by the verdict
of the jury, it was proper for his Honor to consider whether
he would leave the plaintiff to his repeated actions, or whether
he would restrain or abate the nuisance by an order in this
cause.

He determined upon the latter course; and the amount of
his judgment is to give the defendant time to abate the nuisance.
If the defendant fail to do so, then at the appointed time he
will hear a motion for an injunction. This, so far as we can
now see, was proper. What he will do, or what he ought to
do, if that motion is made, we cannot now see. Having heard
the trial, he seems to have been satisfied that he ought to inter-
fere by injunction. That may be so; but the facts are not
stated so as to enable us to determine the matter.

If there be dissatisfaction with the order which his Honor
shall see proper so make, upon hearing the motion for an in-
junction, and either party shall appeal, it will be necessary to
state the facts (not the testimony) so that this Court can review
the action of his Honor.

18

All that we can say now is that there is no error in what has been done, except, perhaps, the suggestion to the defendant, for so we must consider it, to abate the nuisance by raising the smoke-stack; for aught that appears, that might aggravate the nuisance.

It would have been more appropriate simply to have allowed the defendant time to abate the nuisance.

Let this opinion be certified, &c.

PER CURIAM.                    Judgment accordingly.