JOHN H. GARRETT and wife *v.* THE BOARD OF COMMIS-
SIONERS of the Town of EDENTON.

In an action to recover damages to land, caused by the defendants'
ponding water thereon in the Fall of 1873, it is competent for the
plaintiff, for the purpose of fixing the amount of damages, to show
the diminished products of the land in the Spring of 1874, as com-
pared with the products of previous years from the same land.

(*Spelman v. The Roanoke Nav. Co.*, decided at this term, cited and ap-
proved.)

This was a CIVIL ACTION, to recover damages for injury to land, tried before *Eure, J.*, at Spring Term, 1875, of the Superior Court of CHOWAN county.

The plaintiffs were the owners, before and since to the present time, of certain lots in the town of Edenton, which they regularly cultivated.

The defendants were the Board of Commissioners of the town of Edenton.

Upon the trial in the court below, the plaintiffs introduced

evidence tending to show that the defendants caused to be opened a ditch upon the back of the town in September, 1873, by reason of which water was ponded upon the plaintiffs' lots during the Fall of 1873, and the Winter of 1873–'74.

The summons in this action was issued on the 4th day of April, 1874. In their complaint the plaintiffs demand damages from the defendants, for ponding water on their lands.

The plaintiffs introduced further evidence, and offered to show the diminished products of the land in the vegetable crops of the Spring of 1874, and that this diminished product was in part caused by the ponding of the water on the land by the defendants' ditch, before the action commenced. To this evidence the defendants objected. Objection overruled by the court. and the defendants excepted.

The jury returned a verdict for the plaintiffs. Judgment in accordance therewith, from which judgment defendants appealed.

*A. M. Moore* and *Badger & Devereux*, for appellants.
*Gilliam & Pruden*, contra.

REApE, J. The lands of the plaintiffs were used for cultivation and the production of crops; and they were flooded with water by the defendants in the Fall of 1873, and in the winter of 1873–'74. The action was commenced on the 4th of April, 1874. The injury complained of is, the flooding the land. Damages are demanded,

(1.) First, for injury to the crops;

(2.) Secondly, for injury to the plaintiff's health;

(3.) For injury to the land itself.

We suppose there was no crop raised in the Fall or Winter. It is not alleged that there was. No point seems to have been made about health. So, as we understand it, the only matter at issue was the injury to the land itself.

Was the land injured? If so, how much, seem to have

been the issues.  In order to show how much the land was injured, the plaintiff was permitted to show how much the crop of 1874, made after the action was commenced, was less than the crops of former seasons.  To this the defendants objected.  And that is the only point before us.

What is the standard of value of lands used for cultivation?  Their productive capacity.  How is that best ascertained?  By actual experiment.  If they have usually yielded a given quantity, and are then flooded so that they cannot be cultivated at all, may not their former productiveness be proved to show the amount of damage?  Unquestionably.  If they are not flooded so as altogether to prevent cultivation, but are flooded so as to reduce their production one half, may not that be proved to show the amount of damage?  Unquestionably.  And this is the best possible evidence of the amount of damage.  If the trial had been *before* the crop was made, the witnesses would have been asked:  How much do you think the land is injured?  And the answers would, of necessity, have been conjectural.  But *after* the crop was made, the answers were from observation.

The doctrine of "remote damages," "good bargains" and "speculative profits" does not come in; because the only injury complained of was that done to the land in the Fall and Winter, and the diminution of the crop was the evidence of the amount of the damage.  See *Spelman* v. *Roanoke Navigation Company*. at this term.

There is no error.  Judgment here for plaintiff.

PER CURIAM.                                Judgment affirmed.