S. W. WEBB v. THE VIRGINIA-CAROLINA CHEMICAL COMPANY.

(Filed 12 January, 1916.)

**1. Nuisance—Permanent Damages—Test.**

Upon the question of whether a plaintiff is permitted at his election to recover the entire damages to his lands, past, present, and prospective, in one action, for nuisances and wrongs of like character, the test is whether the whole injury results from the original wrongful act or the wrongful continuance of the state of facts produced by these acts; that is, whether the wrongful act is single and entire, though causing subsequent and continuous injury, or whether a defendant wrongfully continues and maintains the conditions which result in continued or recurring damages.

**2. Nuisance—Public Rights—Permanent Damages—Private Owner.**

Permanent damages to the land arising from the commission of a nuisance or wrongs of like character are allowable where the rights of the defendant, whose acts cause the nuisance, are modified by the presence of a superior interest arising to the public, as in instances. of *quasi*-public corporations having right of eminent domain; but not where the alleged injury arose from the acts of a private owner.

**3. Same—Fertilizer Plant—Private Owner—Successive Actions.**

The manufacture of fertilizers is not a nuisance *per se*, and whether it is such depends upon its situation, environment, and the manner in which it is being operated; and when there is nothing to show that such manufacture is objectionable as a public nuisance, the action is strictly one in adjustment of private rights, and the plaintiff is confined in his suit to a recovery of damages in successive actions, the same to be estimated up to the time of the trial, if the nuisance continues.

**4. Nuisance—Private Owner—Abatement.**

Where it appears in an action for damages for the maintenance of a nuisance that it is one in adjustment of private rights and not one in which permanent damages may be awarded, the court may, if the facts and circumstances justify it, order an abatement.

APPEAL by plaintiff from *Daniels, J.,* at November Term, 1914, of DURHAM.

Plaintiff alleged and offered evidence tending to show that he was the owner of several residential houses in East Durham, N. C., in the vicinity of the guano factory of defendant company and, for a period, occupied one of them as his home; that for some time prior to the institution of the action defendant, in the operation of the said factory, had maintained an actionable nuisance, and particularly in the use and management of certain sulphuric acid chambers, and, by reason of continuous offensive and harmful odors proceeding therefrom, great wrong and injury was done to plaintiff; that defendant began the operation of its sulphuric acid chambers on 21 June, 1911, and the present action was commenced on 9 December, 1912.

There was allegation also on part of plaintiff that, by reason of the maintenance of said nuisance, the property of plaintiff was greatly depreciated in value and permanent damage done plaintiff as owner and occupant of the same, and plaintiff tendered an issue and offered evidence in support of his claim in that aspect, which was rejected, and plaintiff duly excepted.

Defendant denied the maintenance of any nuisance, contending further that in any event the injury, if any, caused by the operation of the factory was not one for which the entire damage could be recovered in one action at plaintiff's election.

On issues submitted, the jury rendered the following verdict:

1. Is the plaintiff the owner and in possession of the property described in the complaint? Answer: "Yes."

2. Has plaintiff's property been damaged by the wrongful acts of the defendant, as alleged in the complaint? Answer: "No."

3. What damages, if any, is the plaintiff entitled to recover up to the commencement of this action? Answer: .......:. ·

Judgment on verdict for defendant, and plaintiff excepted and appealed, assigning for error, chiefly, that the issue as to permanent damages was refused, and the evidence offered to sustain it was excluded.

*Manning, Everett & Kitchin for plaintiff.*
*Bryant & Brogden, Fuller & Reade for defendant.*

HOKE, J. In actions to recover damages for nuisances and wrongs of like character, when the cause of the injury is of a permanent nature, the true test by which to determine the right of plaintiff, at his election, to recover his entire damages, past, present, and prospective, in one action, has been said to depend on "whether the whole injury results from the original wrongful act or from the wrongful continuance of the state of facts produced by these acts." In other words, whether the wrongful act is single and entire, though causing subsequent and continuous injury, or whether a defendant wrongfully continues and maintains the conditions which result in continued or recurring damages. In this connection it has been further said that the entire damages may be recovered when the "source of the injury is permanent in its nature and will continue to be productive of injury independent of any subsequent wrongful act." *Mast v. Sapp,* 140 N. C., 533; *Ridley v. R. R.,* 118 N. C., pp. 996-997; *Troy v. R. R.,* 23 N. H., 83; *Hargreaves v. Kimberly,* 26 W. Va., 787; *R. R. v. Mihlman,* 17 Kan., 224; *Mayor v. Comer,* 88 Tenn., 415, 7 L. R. A., 465; 21 A. and E. Enc., pp. 732-733; 1 Sedgwick on Damages (9 Ed.), secs. 91-94, inclusive; Hale on Damages, p. 82.

In some cases on this subject it has been held that, when one erects a substantial building or other structure of a permanent character on his own land which wrongfully invades the rights of an adjoining proprietor by the creation of a nuisance or trespass, the injured party may "accept or ratify the feature of permanency and sue at once for the entire damage. *Chicago Forge and Bolt Co. v. Sanche et al.,* 35 Ill. App., 174. But in cases strictly of private ownership the weight of authority seems to be that separate actions must be brought for the continuing or recurrent wrong, and plaintiff can only recover damages to the time of action commenced. In this State, however, to the time of trial. *Ridley v. R. R.,* 118 N. C., 996, *supra; Adams v. R. R.,* 110 N. C., 325; *Aldwood v. City,* 153 Mass., 53; *Mayor v. Nashville, supra; Brewing Co. v. Compton,* 142 Ill., 511; *Schloss, etc., Iron and Steel Co. v. Mitchell,* 161 Ala., pp. 278-286.

The privilege, however, of allowing an entire recovery for an injury caused by structures of a permanent kind has, in numerous decisions here and elsewhere, been extended to either party when their continued maintenance is protected by the existence of a *quasi*-public franchise in the holder or other circumstances presenting a case where the private right must, to that extent, be subordinated to the public good. *Rhodes v. Durham,* 165 N. C., pp. 679-680, a case of city sewage; *Ridley v. R. R., supra; Adams v. R. R., supra; Watts v. R. R.,* 39 W. Va., 196, cases of railways; *Harper v. Lenoir,* 152 N. C., pp. 723-728, case of public streets; *Grier v. Water Co.,* a case of city waterworks; Wood's Mayne on Damages, sec. 110. And, in such cases, on payment of the damages awarded, the wrong-doer acquires an easement to maintain the conditions presented, to the extent that the same is properly exercised; a position made peremptory with us by statute, in cases of railways, Revisal, sec. 394.

In *Rhodes' case, supra,* this principle is stated as follows: "Our decisions are also in support of the proposition that where the injuries are by reason of structures or conditions permanent in their nature, and their existence and maintenance is guaranteed or protected by the power of eminent domain or because the interest of the public therein is of such an exigent nature that right of abatement at the instance of an individual is of necessity denied, it is open to either plaintiff or defendant to demand that permanent damages be awarded; the proceedings in such cases to some extent taking on the nature of condemning an easement."

In the West Virginia case, 39 W. Va., *supra,* it is held: "If the cause of injury is in its nature permanent, and a recovery for such injury would confer a license on defendant to continue it, the entire damages may be recovered in a single action," etc.

And in Wood's Mayne on Damages, in section 110, it is said: "In cases, too, of nuisances and continued trespasses upon land, as each instant the nuisance of trespass is continued is a fresh ground of action, it is clear the jury cannot give damages beyond the commencement of the existing suit. Where, however, the original act was itself a trespass, but is done by a person or body who are protected by statute from any suit for anything done under these powers, unless brought within a particular time after the act done, no suit can be brought for any continuance of the trespass, nor for any consequential damages resulting from it, after the period of limitation. It would follow, then, that damages in the first action ought to constitute a full satisfaction for any injury that could reasonably and naturally spring from it," etc.

A good deal of the confusion alluded to by this author as prevailing on this subject (see Wood's Mayne on Damages, sec. 111) will be found to grow out of the fact that in many of the cases on the subject the judges

KISTLER *v.* R. R.

delivering the opinions were not called on to note the distinction existent where the injury arose from the act of a private owner and cases where the private right is properly modified by the presence of a superior interest arising to the public. But, in any view of this subject, his Honor was clearly right in holding that this was not a case permitting, at the election of plaintiff, an award of permanent damages.

It has been held that a factory of this character is not a nuisance *per se,* but that it is properly made to depend upon its situation, environment, and the manner in which it is being operated. *Duffy v. Meadows,* 131 N. C., 31, and the case presented, so far as this record discloses, is one strictly in adjustment of private rights, and, under the principles of any of the cases cited, the plaintiff is confined in his suit to a recovery of damages in successive actions. In many of the decisions on the subject it will be found that this recovery, in any one action, is limited to the time of action commenced, and that was the rule at common law, but, in our State, as stated, this rule has been so far modified that damages may be awarded to the time of trial if the nuisance continues to that time. This last was the rule obtaining in courts of equity where one purpose of the suit was to procure an abatement, and in this jurisdiction, where courts of law and equity have been combined into one and the same tribunal, we see no reason why, if the facts and circumstances justify it, there should not be an abatement ordered. Instructive cases on this power of abatement will be found in *Brown v. R. R.,* 83 N. C., 128; *Privett v. Whitaker,* 73 N. C., 554; *Hyatt v. Myers,* 71 N. C., 271.

On careful consideration of the record, we find no error in denying to plaintiff an award of permanent damages or in refusing to try the case on that theory, and the judgment of the Superior Court is therefore affirmed.

No error.