## P. D. MORROW v. THE FLORENCE MILLS.

(Filed 3 June, 1921.)

**1. Nuisance—Limitation of Actions—Evidence—Measure of Damages.**

Where there is evidence tending to show that the defendant for the past fifteen years has thrown or emptied into a branch running by the plaintiff's, raw sewage, slops, garbage, and thus has maintained a nuisance to his damage, it is not error for the trial judge to permit the plaintiff to show the existence of these conditions more than three years next before the commencement of the action, when this statute has been pleaded, when the evidence is confined solely to the question of defendant's liability. As to whether the evidence is competent upon the measure of damages is not presented or decided.

**2. Nuisance—Private Ownership—Damages—Rights of Defendant—Permanent Damages.**

In an action for damages for the commission and maintenance of a private nuisance, the defendant is not entitled, as a matter of right, to have permanent damages assessed, without the consent of the plaintiff, when he has not sought to recover them in his action. *Webb v. Chemical Co.*, 170 N. C., 662, cited and approved.

APPEAL by defendant from *Harding, J.*, at August Term, 1920, of RUTHERFORD.

Civil action to recover damages for injuries resulting from maintaining an alleged nuisance.

MORROW *v.* MILLS.

The gravamen of plaintiff's cause of action is stated with conciseness in the fifth paragraph of the complaint:

"That defendant, for twenty years or more last past, has owned and operated and still owns and operates a large cotton mill, situated at the head or source of two branches or streams of water above plaintiff's said farm, and that defendant has continuously for the past fifteen years wrongfully and negligently thrown and emptied into said branches or streams of water, raw sewage, slops, garbage, refuse and offal matter, and for the past eight years has wrongfully and negligently thrown and emptied into said branches or streams of water, dyes and other refuse matter from defendant's dye vats, all of which are unhealthful and offensive, and which have been and are now carried down stream, polluting the waters of said branches or streams of water, especially along and through plaintiff's farm, generating a poisonous scum on said water and infecting the air with offensive and noxious smells and miasma, to the great injury and detriment of the plaintiff and his family."

The defendant pleaded the three-year statute of limitations and objected to any evidence tending to show the conditions existing prior to three years next immediately preceding the commencement of the suit. All evidence of this character, admitted over defendant's objection, was limited to the question of liability and expressly excluded on the issue of damages.

Defendant further contended and offered evidence tending to show that in July, 1916, it installed a sewerage system with septic tanks, etc., in conformity with the rules and regulations of the State Board of Health, and that since that time no injury has been done to the plaintiff on account of the matters and things complained of in this action.

The defendant tendered an issue as to permanent damages, in order to preclude any further litigation, but as the plaintiff stated he was not suing for such damages, his Honor declined to submit said issue, and defendant excepted.

The jury returned the following verdict:

"1. Is the plaintiff the owner of the land described in the complaint? Answer: 'Yes.'

"2. Does the defendant commit and maintain a public nuisance as alleged? Answer: 'No.'

"3. Does the defendant commit and maintain a private nuisance as alleged? Answer: 'Yes.'

"4. What damage, if any, is the plaintiff entitled to recover by reason of the nuisance committed and maintained by the defendant, as alleged, within three years from the commencement of this action and up to the trial of this cause? Answer: '$900.' "

Judgment on the verdict in favor of the plaintiff, and defendant appealed.

*Morrow & Carson for plaintiff.*
*Quinn, Hamrick & Harris for defendant.*

STACY, J.   There are only two material questions presented for decision:

1. Was it error to admit evidence of the alleged nuisance for a longer period than three years next immediately preceding the commencement of the action, in view of the plea of the statute of limitations?   His Honor permitted the jury to consider evidence of this character solely on the question of liability and not upon the issue of damages.   Under this limitation, and considering the single purpose for which it was admitted, we think the evidence was competent and admissible.   29 Cyc., 1265; *Lentz v. Carnegie Bros. & Co.,* 145 Pa. St., 612.

We are not now called upon to say what result would have followed had it not been thus restricted.   The authorities elsewhere are conflicting as to whether such evidence may be considered by the jury on the issue of damages.   *Pickens v. Coal River Boom and T. Co.,* 24 L. R. A. (N. S.), 354, and cases cited.   Evidently the character of the alleged nuisance would have a material bearing on this latter question.   But, in the light of the record, we approve his Honor's ruling in the instant case.

2. Was the defendant, without the consent of the plaintiff, entitled to have the issue of permanent damages submitted to and answered by the jury?   This question is dealt with fully in *Webb v. Chemical Co.,* 170 N. C., 662; and, upon authority of that case, we must affirm the action of the Superior Court.   As said by *Mr. Justice Hoke* in delivering the opinion: "In cases strictly of private ownership the weight of authority seems to be that separate actions must be brought for the continuing or recurrent wrong, and plaintiff can only recover damages to the time of action commenced.   In this State, however, to the time of trial," citing *Ridley v. R. R.,* 118 N. C., 996; *Adams v. R. R.,* 110 N. C., 325, and other cases.   See, also, *Brown v. Chemical Co.,* 165 N. C., 421.

From a perusal of the entire record, as bearing upon the defendant's exceptions and assignments of error, we have discovered no sufficient reason for disturbing the results of the trial.

No error.