A. L. LANGLEY AND WIFE v. STALEY HOSIERY MILLS COMPANY.

(Filed 7 December, 1927.)

**1. Nuisance—Waters—Pollution of Stream—Property Rights—Damages —Actions.**

Where the emptying of dye stuffs from a hosiery mill of private owner-ship, pollutes the stream so as to invade the rights of a lower proprietor on the stream, and also causes the spring on the owner's land, from which he gets his family supply of water, to be unhealthy, and also causes an offensive smell to arise from the plaintiff's pond amounting to a nuisance, and an invasion of his property rights, an action for damages arises to him, the amount to be ascertained by the jury at the time of the trial.

**2. Same—Permanent Damages—Agreement of Parties.**

Under the facts of this case: *Held,* it not appearing that the damages sought to be recovered arise from permanent conditions, permanent dam-ages are not recoverable, but damages on separate actions accruing from time to time during the continuance of the nuisance may be recovered in the absence of the defendant's agreement for the assessment of perma-nent damages.

APPEAL by defendant from *Finley, J.,* at July Term, 1927, of RAN-DOLPH. New trial.

The evidence tended to show that the plaintiffs owned a farm of eighty-nine acres on Brush Creek, in Randolph County; that a pond of water, covering a few acres, and a grist mill had been maintained there for several years; that about seventy-five feet below the dam there was a spring, water from which was used by the plaintiffs for drinking and domestic purposes; that the defendant had a hosiery mill at Staley,

from which dye water, after draining through settling pits, flowed down a dry branch into Brush Creek and into the plaintiff's pond; that the pond had a green scum on it when the water was low, and that offensive odors therefrom annoyed the owners and occupants of the dwelling. The action was prosecuted for the recovery of damages resulting, it was alleged, from a nuisance created by the defendant. The following verdict was returned:

1. Are the plaintiffs the owners of the land described in the complaint? Answer: Yes.

2. Has the defendant unnecessarily or unreasonably polluted Brush Creek, as it flows through plaintiffs' premises, as alleged in the complaint? Answer: Yes.

3. What damages, if any, have plaintiffs sustained by reason thereof, as alleged in the complaint? Answer: $1,200.

Judgment for the plaintiff, and appeal by the defendant on errors assigned.

*C. N. Cox and Brittain, Brittain & Brittain for plaintiffs.*
*J. A. Spence and H. M. Robins for defendant.*

ADAMS, J. In response to the third issue the jury awarded the plaintiff permanent damages; and to the proposition that upon the pleadings, the evidence, the record, permanent damages could not be awarded the principal exceptions are addressed. Whether these exceptions should be sustained is the question for decision.

The jury was instructed, in accordance with the rule approved in *Brown v. Chemical Co.,* 162 N. C., 84, that incidental benefits accruing to the party injured cannot be set off against damages resulting from the alleged nuisance, because such party cannot be required to accept indemnity in any manner other than that provided by law; but that when a nuisance operates as a partial taking of property, any resulting benefit peculiar to the owner may be considered in mitigation of damages. This was followed by an instruction in reference to the assessment of permanent damages under the rule which also is given in the case just cited. It was under this rule that permanent damages were assessed by the jury.

When the case we have cited was tried in the Superior Court the second time permanent damages were allowed, and on appeal the defendant took the position that it was not a case in which an award of permanent damages was permissible. On this point it was said: "As an original or independent proposition, the Court is not prepared to differ with defendants' view that the cause is not one permitting the award of permanent damages as a matter of right. The cases in which

that principle has been thus far allowed to prevail in this State are those where it was expressly established by statute or where the injuries arose from structures or conditions permanent in their nature, and their continued maintenance was protected and guaranteed by the statutory power of eminent domain, as in case of roads and railroads, or because the interest of the public in this continued existence was of such an exigent nature that the right of the individual owner was of necessity and to that extent subordinated to the public good. See cases *Harper v. Lenoir,* 152 N. C., 723; *Geer v. Durham Water Co.,* 127 N. C., 349; *Parker v. R. R.,* 119 N. C., 677; *Ridley v. R. R.,* 118 N. C., 996."

In a later case against the same defendant (*Webb v. Chemical Co.,* 170 N. C., 662), the plaintiff appealed, assigning for error the judge's refusal to submit an issue for permanent damages, and it was held that the case was not one of those in which, at the election of the plaintiff, such an issue must be submitted, *Hoke, J.,* remarking: "In some cases on this subject it has been held that, when one erects a substantial building or other structure of a permanent character on his own land which wrongfully invades the rights of an adjoining proprietor by the creation of a nuisance or trespass, the injured party may 'accept or ratify the feature of permanency and sue at once for the entire damage.' *Chicago Forge and Bolt Co. v. Sanche et al.,* 35 Ill. Ap., 174. But in cases strictly of private ownership the weight of authority seems to be that separate actions must be brought for the continuing or recurrent wrong, and plaintiff can only recover damages to the time of action commenced. In this State, however, to the time of trial. *Ridley v. R. R.,* 118 N. C., 996, *supra; Adams v. R. R.,* 110 N. C., 325; *Aldwood v. City,* 153 Mass., 53; *Mayor v. Nashville, supra; Brewing Co. v. Compton,* 142 Ill., 511; *Schloss, etc., Iron and Steel Co. v. Mitchell,* 161 Ala., pp. 278-286."

In cases of private ownership an issue for permanent damages may be submitted by consent of the parties. *Morrow v. Mills,* 181 N. C., 423; *Brown v. Chemical Co., supra.* But we do not find in the record before us any sufficient evidence of the defendant's consent to this effect. His Honor said that he understood this to be the agreement; but there is no finding that the defendant consented, and its counsel insists that it did not. The charge is in support of his Honor's understanding; the third issue is not inconsistent with the defendant's position. In this state of the record a new trial will be awarded.

New trial.