J. R. WINCHESTER v. C. M. BYERS.

(Filed 12 December, 1928.)

**1. Waters and Water Courses—Surface Waters—Rights and Liabilities in Regard Thereto.**

While the upper proprietor of lands may not divert the surface water thereon from its natural flow to the damage of the lands of the lower proprietor, the latter may not dam the water back upon the lands of the former to his damage.

**2. Same—Damages.**

An upper proprietor of lands may recover damages against the lower proprietor for unlawfully damming the surface flow of water back upon his lands to the time he sells and conveys his land to another, and instruction so confining the damages is proper.

**3. Same—Requests for Instructions.**

Where temporary damages caused by a wrongful diversion of the flow of surface water are sought in an action, an exception to a charge

generally correct as to the law arising from the evidence as to the amount of damages recoverable will not be sustained when the appellant has failed to tender prayers for instructions going into more specific detail.

APPEAL by defendant from *Harding, J.,* and a jury, at March Special Term, 1928, of MECKLENBURG. No error.

*Clyde A. Duckworth for plaintiff.*
*Pharr & Currie for defendant.*

PER CURIAM. This is an action for diverting the natural flow of surface water by defendant placing dirt in such quantities on his land that the water flooded plaintiff's land, damaging his house and land. We think the evidence sufficient to be submitted to the jury.

The principle of law is well settled in *Porter v. Durham,* 74 N. C., at p. 779: "It has been held that an owner of lower land, is obliged to receive upon it the surface water which falls on adjoining higher land, and which naturally flows on the lower land. Of course when the water reaches his land the lower owner can collect it in a ditch and carry it off to a proper outlet so that it will not damage him. He cannot however raise any dyke or barrier by which it will be intercepted and thrown back on the land of the higher owner. While the higher owner is entitled to this service, he cannot artificially increase the natural quantity of water, or change its natural manner of flow by collecting it in a ditch and discharging it upon the servient land at a different place, or in a different manner from its natural discharge." *Brown v. R. R.,* 165 N. C., at p. 396; *Barcliff v. R. R.,* 168 N. C., 268; *Eller v. Greensboro,* 190 N. C., at p. 720.

Taking the charge as a whole, and not disconnectedly, we think there is no reversible error. The court below charged: "(a) He (plaintiff) would be entitled to recover whatever damage he sustained to his property brought about by the wrongful acts of the defendant up to the time that he sold his property, and I believe there is evidence tending to show that that was sold in 1924. (b) If there has been a continuance of the diversion, and continuance of the flow of dirt from defendant's lot to plaintiff's lot since plaintiff sold his lot, such damage as has occurred since that time plaintiff would not be entitled to recover. The court does not intimate that anyone has a right to recover for such a damage which has occurred since that time, that is not a matter before the court." The charge was clear and plain that only temporary damage could be recovered. The exception and assignment of error is to the charge between a and b, above set out, but taking the entire part of the charge it is not prejudicial. In cases of private ownership, when

the action is for temporary damage for the continuing or recurrent wrong, the recovery can be in this jurisdiction to the time of the trial. *Webb v. Chemical Co.,* 170 N. C., at p. 664. Under the facts here, the court below correctly confined the damage to the time plaintiff sold the property.

Plaintiff contended that the reasonable cost of repairing the property, total spent, was some $800. The jury's verdict was $675.00. The charge complained of as to market value was not prejudicial, as it was limited to temporary damage: "If you find that the dirt upon his premises was placed so as to keep the natural flow of water on plaintiff's land, that he had put there artificially. *Such damage* as was brought *about by those acts,* if you find they were wrongful *and no more."*

In the contentions the court below fully set forth the matter of unusual and excessive rains, and the evidence in reference to same on the part of both plaintiff and defendant. If the evidence justified a charge on unforeseen or unprecedented rain fall, no prayer was requested by defendant. Taking the entire charge, we think the prayers asked by defendant were practically given, at least so far as the law was applicable to the facts.

In the present action, private ownership was involved. An issue in such case for permanent damages may be submitted only by consent of plaintiff. No such issue was submitted, nor did the facts justify such an issue. *Morrow v. Mills,* 181 N. C., 423; *Langley v. Hosiery Mills,* 194 N. C., 644. As to the right to take private property for public purposes, a different rule prevails. *Mitchell v. Ahoskie,* 190 N. C., 235; *Eller v. Greensboro, supra; Ragan v. Thomasville, ante,* at p. 261. The distinction is readily observed, ordinarily private property cannot be taken for private purposes without the consent of the owner. For public purposes it can be taken only after payment of just compensation.

The action in the court below was tried on the theory of temporary damages. We find in the record no prejudicial or reversible error.

No error.