## J. T. WHARTON v. EMPIRE MANUFACTURING COMPANY.

(Filed 13 March, 1929.)

**Waters and Water Courses—Natural Water Courses—Liability for Obstructing and Ponding Water—Permanent Damages.**

Continuing damages caused to the lands of an upper proprietor by the ponding of water by the lower proprietor back upon them may be recovered by the former in his action brought every three years for damages occurring within that period assessed to the time of the trial, or at his option he may sue for the entire damages when they are of a permanent nature, but when it is made to appear that the nuisance causing the damage has been entirely abated, pending the action, the measure of damages will only be laid up to the time of the abatement.

APPEAL by defendant from *Nunn, J.,* and a jury, at November Term, 1928, of PAMLICO. Error.

This is an action brought by plaintiff against defendant, a lumber company, for temporary and permanent damage, for negligently ponding water on his land.

The issues submitted to the jury and their answers thereto were as follows:

"1. Were the plaintiff's crops and land damaged by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

2. What damage, if any, is plaintiff entitled to recover to his crops within three years preceding the bringing of the action? Answer: $1,000.

3. Is plaintiff's cause of action for damages to his crops barred by the statute of limitations? Answer: No.

4. What permanent damage, if any, is plaintiff entitled to recover to his lands, as alleged in the complaint? Answer: $2,000.

5. Is plaintiff's cause of action for damages to his land barred by the statute of limitations as alleged in the answer? Answer: No."

Defendant excepted and assigned error as follows: "The court erred in submitting the issues to the jury as set out in the record, as to the permanent damage to the land and as to the permanent injury thereto, particularly on the fourth issue submitted to the jury by the court upon the ground that no such issue could properly be submitted under the facts in this case, and the allegation of the plaintiff prior to the adoption of the issue, and at every stage the defendant had contended that there was no question of permanent damages in this case and tendered the removal and abatement of any construction of its ways or appliances, which under all the evidence in the case had been abandoned and removed before this action was brought and which are not now being used by the defendant in any manner, if the jury should find that such ways and appliances had been wrongfully constructed or · caused damage to the plaintiff."

Defendant excepted and assigned error as follows: "The court erred in refusing to sign the judgment upon the issues which were tendered by the defendant, offering to abate any nuisance or ordering the removal of any cause thereof under the direction of the court and eliminating the issue of permanent damages, as set out in exception 68." This exception was in reference to the fourth issue as to permanent damage.

*D. L. Ward, Abernethy & Abernethy and Z. V. Rawls for plaintiff.*
*Langston, Allen & Taylor and Moore & Dunn for defendant.*

CLARKSON, J. In some cases it has been held that when one erects a substantial building or other structure of a permanent character on his own land, which wrongfully invades the rights of adjoining property,

which creates a nuisance or trespass, the injured party may accept or ratify the feature of permanence and sue at once for the entire damage, and in cases strictly of private ownership, the weight of authority seems to be that separate actions must be brought for the continuing or recurrent wrong and plaintiff can only recover damages to the time the action is commenced. In this jurisdiction, however, to the time of the trial. *Webb v. Chemical Co.,* 170 N. C., 662; *Morrow v. Mills,* 181 N. C., 423; *Mitchell v. Ahoskie,* 190 N. C., 235; *Langley v. Hosiery Mills,* 194 N. C., 644; *Winchester v. Byers, ante,* 383; *Peacock v. Greensboro, ante,* 416.

In the *Winchester case, supra,* at p. 385, speaking to the subject, it is said: "The distinction is readily observed, ordinarily private property cannot be taken for private purposes without the consent of the owner. For public purposes it can be taken only after payment of just compensation."

In the *Peacock case, supra,* at p. 417, it is said: "As there has been no appropriation of his land for permanent purposes, he is not entitled to recover permanent damages."

With the law thus stated, we are of the opinion that the exceptions and assignments of error made by defendant to the submission of the fourth issue as to permanent damage must be sustained, and also to the refusal of the court below to sign the judgment tendered by defendant.

The plaintiff must pay the cost on appeal to this Court. In the judgment below there is

Error.