H. T. AYDLETT v. CAROLINA BY-PRODUCTS COMPANY, INCORPORATED.

(Filed 31 May, 1939.)

**1. Nuisance § 5—**

In an action to recover damages resulting to plaintiff's land from the emanation of odors from a permanent, private manufacturing plant in the locality, the parties may agree to the assessment of permanent damages entitling defendant to an easement.

**2. Nuisance § 3—Evidence held sufficient for jury on issue of nuisance resulting from the emanation of odors from defendant's manufacturing plant.**

Plaintiff's evidence tending to show that his land, used for residential purposes, was damaged by the emanation of noxious odors from defendant's animal by-products manufacturing plant, *is held* sufficient to take the issue to the jury, notwithstanding defendant's evidence tending to show proper handling of its raw material and the absence of offensive odors, or that, if odors escaped occasionally, they were due to causes beyond defendant's control and were of short duration.

**3. Trial § 22b—**

On a motion for nonsuit, plaintiff's evidence will be considered in the light most favorable to him.

**4. Appeal and Error § 39d—**

The exclusion of evidence cannot be held prejudicial when the record fails to show what the testimony of the witnesses would have been.

**5. Same: Evidence § 51—**

The exclusion of expert opinion testimony cannot be held for error when appellant fails to show that the witnesses were qualified to testify upon the matter.

**6. Nuisance § 3—**

In an action to recover damages to land resulting from noxious odors emanating from defendant's manufacturing plant, testimony of witnesses living near the plant, but not in the immediate locality of plaintiff's property, is competent to show that the noxious odors were in fact produced by defendant's operations and that they contaminated the air throughout the surrounding territory, in corroboration of plaintiff's testimony.

**7. Same—**

In an action to recover damages to land resulting from noxious odors emanating from defendant's animal by-products plant, testimony of decomposing carcasses and animal matter exposed about or near the plant is competent as tending to show the origin of the odors complained of.

APPEAL by defendant from *Sink, J.,* at January Term, 1939, of GUILFORD. No error.

*H. R. Stanley for plaintiff.*
*Louis Denit and Stern & Stern for defendant.*

DEVIN, J.   This was an action to recover permanent damages for injuries to plaintiff's real property by reason of noxious odors and other substantial annoyances caused by the operation of defendant's factory engaged in the manufacture of animal by-products.

Plaintiff alleged and offered evidence tending to show that he is the owner of certain real property, near the corporate limits of the city of Greensboro, on which property there are three dwelling houses; that defendant has constructed or recently greatly increased the size and production of its plant outside the city limits and in the neighborhood of plaintiff's property; that defendant's plant is used for the production of tallow, poultry food and other by-products derived from the dead bodies of animals and from the refuse animal matter obtained from slaughter houses, stock pens, butcher shops, hotels, etc., and that the accumulation and utilization of these materials give rise to the offensive and sickening odors of putrefaction, and to noxious gases which are discharged in great volume from defendant's plant and carried to plaintiff's premises, producing substantial annoyance to the occupants and causing material dimunition in the market value of plaintiff's real property, chiefly valuable for the purpose of residence.

The defendant admitted the erection and maintenance of its permanent plant for the manufacture of all kinds of animal by-products, but denied that, as conducted, and in the location where it was situated, it constituted a nuisance, and alleged and offered evidence tending to show that the installation and use of proper machinery, appliances and methods of deodorization rendered impossible the annoyances complained of save on infrequent occasions, and that the value of plaintiff's property has not been thereby lessened.

Issues were submitted to the jury for the determination of the questions whether plaintiff's land had been substantially damaged from the operations of defendant's plant, and as to the amount of damages recoverable for wrongful usage of defendant's property.   The issues were answered in favor of plaintiff and his damages assessed at $1,000.   Judgment was rendered in accord with the verdict, and it was provided therein that upon satisfaction of the judgment a permanent easement was granted defendant to maintain over and upon the lands of plaintiff such odors as emanate from defendant's plant operations under present conditions.   Defendant excepted and appealed.

While a plaintiff, alleging a nuisance causing damage to his property, as the result of the manufacturing operations of a private corporation, may not be permitted, at his election, to maintain an action for per-

manent damages with resultant easement to the defendant, rather than for damages for continuing or recurrent wrong (*Webb v. Chemical Co.,* 170 N. C., 662, 87 S. E., 633; *Morrow v. Mills,* 181 N. C., 423, 107 S. E., 445), it seems now well settled that the submission of issues of. permanent damages, when this is done by consent of the parties, will be upheld. *Langley v. Hosiery Mills,* 194 N. C., 644, 140 S. E., 440; *Wagner v. Conover,* 200 N. C., 82, 156 S. E., 167; *Teseneer v. Mills Co.,* 209 N. C., 615 (623), 184 S. E., 535. Where one erects substantial buildings of a permanent character on his own land and by his operations carried on therein creates a nuisance or trespass on the land of another, causing substantial injury to the value thereof, the parties may elect to determine, at once and for all time, the issue of the entire damage, treating the nuisance as a feature of permanency and as amounting to the taking of complainant's property.

In *Brown v. Chemical Co.,* 162 N. C., 83, 77 S. E., 1102, it was said: "Where, as in this case, the parties elect to treat the action as one for permanent damages, the suit then amounts to the partial taking of another's property and it becomes in effect proceedings to condemn on complainant's land an easement to operate the plant for all time in the specified way."

In the instant case plaintiff brought his action specifically and solely to recover permanent damages, and the case was tried below on that theory. The defendant tendered issues in conformity with that view, and both plaintiff and defendant agree that the provisions in the judgment for the recovery of permanent damages, with consequent acquisition by defendant of a permanent easement, is in that respect proper. While the issues submitted did not as distinctly present the question of permanent damages as those tendered by defendant, yet, taken in connection with the judge's charge (to which no exception was noted), it is apparent that the issues which were tried by the consent of the parties with the concurrence of the court were those of permanent damages. In the conduct of the trial in this respect there was no error.

The defendant, however, contends that its motion for judgment of nonsuit should have been allowed, or that a new trial should be granted for errors assigned in the trial.

Was defendant entitled to the allowance of its motion for judgment of nonsuit? While plaintiff's evidence was contradicted and the defendant offered evidence to show proper handling of its raw material and the absence of offensive odors, or, if odors escaped occasionally, that they were due to causes beyond its control and of short duration, the probative value and the weight of the testimony were matters for the jury. Considering the plaintiff's evidence in the light most favorable for him, as we are required to do on a motion for nonsuit, we find

no error in the ruling of the trial judge in denying the motion.   There was competent evidence to support the allegations of the complaint.

Was error committed in the exclusion or admission of testimony over defendant's objection? A careful examination of the defendant's assignments of error as to the rulings of the court below, in regard to the evidence offered, leads us to the conclusion that the defendant has no just ground of complaint.   Defendant excepted to the refusal of the court to permit the witnesses Dr. Hudson and John Bonitz to answer questions whether defendant's plant was modern and well equipped, but it does not appear what answer the witnesses would have given, nor that either witness was qualified to testify on that point.   For the same reason the exception to the refusal of the court to permit Dr. Hudson to answer the question whether the complaints he had received as to defendant's plant were due to inadequate water facilities, cannot be sustained.

Defendant also excepted to the admission of testimony from several witnesses who did not live in the immediate locality of the plaintiff's property, or who lived in different directions from defendant's plant, as to the effect upon them of the offensive odors.   This was competent to show that such substantial annoyances as were alleged by plaintiff, and about which he and other witnesses testified, were in fact produced by defendant's operations, and that they contaminated the air throughout the surrounding territory, in corroboration of plaintiff's testimony. Evidence of decomposing carcasses and animal matter exposed about and near the plant tended to show the origin of the odors complained of.

For the reasons stated, we conclude that in the trial there was

No error.