W. R. OATES v. ALGODON MANUFACTURING COMPANY ET AL.

(Filed 1 May, 1940.)

**Nuisances § 5—Charge held for error in stating rule for permanent damage in action in which permanent damage was not recoverable.**

In this action for damages resulting from the pollution of a stream running through plaintiff's land, the court held that plaintiff was not entitled to permanent damage, but instructed the jury that the measure of damage was the difference in the value of plaintiff's land immediately before and after the pollution of the stream plus resulting inconvenience and annoyance suffered by plaintiff from the date of the pollution of the stream to the date of trial.  *Held:* Defendant appellant is entitled to a new trial for the inadvertent error of the court in including in the charge on the issue of damages the rule for the admeasurement of permanent damage.

APPEAL by defendant Algodon Manufacturing Company from *Phillips, J.,* at December Term, 1939, of GASTON.

Civil action to abate nuisance and for damages, originally instituted against the Algodon Manufacturing Company, a private textile manufacturing company, with the town of Bessemer City later being made party defendant.

The gravamen of the complaint is, that the defendants have wrongfully polluted the stream which flows through plaintiff's farm, thereby causing him great damage and injury.

The jury answered the issues in favor of the plaintiff, awarding damages against the Algodon Manufacturing Company, but none against

the town of Bessemer City. From judgment thereon, the Algodon Manufacturing Company appeals, assigning errors.

*Cherry & Hollowell for plaintiff, appellee.*
*Emery B. Denny, George B. Mason, and Ernest R. Warren for defendant Manufacturing Company, appellant.*
*Henry L. Kiser and A. C. Jones for defendant, Bessemer City.*

STACY, C. J. The court instructed the jury that the plaintiff was not entitled to recover permanent damages against the Algodon Manufacturing Company, but only such damages as had accrued from the beginning of the pollution of the stream up to the time of trial, *Webb v. Chemical Co.,* 170 N. C., 662; 87 S. E., 633, "and that damage would be the difference that you find between the value of his land immediately prior to the pollution of the stream, if you find it was polluted, and the reasonable market value of his land immediately after it was polluted and in addition thereto, any inconvenience and annoyance by way of odors suffered by him to his land, any damages by virtue of not being able to use the stream for the watering of his stock and any other usual use the stream could be put to during those dates." Exception.

The trial court inadvertently fell into error in stating that the measure of damages would be the difference between the reasonable market value of the land immediately before and after the injury. "In cases of this kind, when the damage is due to a cause that may be removed, or a nuisance that may be abated, the measure of damage is not the difference in the market value of the land before and after the injury, but is estimated by comparing its productiveness before and after the flooding. *Spilman v. Navigation Co.,* 74 N. C., 675; 16 A. & E., 984." *Adams v. R. R.,* 110 N. C., 325, 14 S. E., 857; *Jones v. Kramer,* 133 N. C., 446, 45 S. E., 827; *Garrett v. Comrs.,* 74 N. C., 388.

For the error, as indicated, the appellant is entitled to a new trial. It is so ordered.

New trial.