H. S. ELLER AND WIFE, MAUDE J. ELLER, v. THE BOARD OF EDUCATION OF BUNCOMBE COUNTY.

(Filed 26 September, 1956.)

APPEAL by defendant from *Dan K. Moore, Judge,* January Term, 1956, of BUNCOMBE.

The allegations of the complaint are summarized in *Eller v. Board of Education,* 242 N.C. 584, 89 S.E. 2d 144.    On that appeal, this Court affirmed judgment overruling demurrer.    Thereafter, by answer, defendant interposed a general denial of plaintiffs' allegations.

The court submitted and the jury answered these determinative issues, viz.: "1. Are the plaintiffs the owners of the lands described in the complaint?    Answer: Yes.    2. Has the value of plaintiffs' lands been appreciably impaired and diminished by the defendant constructing and maintaining a septic tank, or sewerage disposal device, near the plaintiffs' home and spring, as alleged in the complaint?    Answer: Yes.    3. What compensation are the plaintiffs entitled to recover of the defendant?    Answer: $1,000.00."

Upon the verdict, judgment was entered that plaintiffs recover from defendant the sum of $1,000.00 "as permanent damages to the following described lands of the plaintiffs, and as compensation for the taking,

or partial taking thereof, as alleged in plaintiffs' complaint"; and further that, upon payment into court, for the benefit of the plaintiffs, of said sum of $1,000.00, together with the costs of the action, "the plaintiffs, their heirs, executors, administrators and assigns, are hereby forever barred from asserting any claim or demand for damages of any nature, kind or description whatsoever, for and on account of all damages to the lands of the plaintiffs described in their complaint, due to, because of and on account of the construction, location, maintenance and operation of the sewerage disposal plant of The Board of Education of Buncombe County located on the Revis tract of land at the North Buncombe Consolidated High School, in Buncombe County, and on account of the maintenance of the affluent outfall pipe line and other drainage pipes, together with filter pipes through, over and across the defendant's lands near and west of the branch, the dividing line between the plaintiffs and defendant's property, the said sum of $1,000.00 being in full settlement and satisfaction of all damages and compensation for said taking, or partial taking, of plaintiffs' land, past, present and prospective."

Defendant excepted and appealed, assigning errors.

*E. L. Loftin for plaintiffs, appellees.*
*McLean, Gudger, Elmore & Martin for defendant, appellant.*

PER CURIAM. Plaintiffs' evidence tended to show a partial taking and that they were entitled to compensation in the amount of $4,000.00. Defendant's evidence tended to show that there had been no taking or impairment in value of plaintiffs' lands. By consent, the jury viewed the premises. To the extent reflected by the verdict, the jury resolved the controverted issues in favor of plaintiffs.

It appears that the case was well and fairly tried in accordance with the law as declared in opinion on former appeal; and consideration of defendant's assignments of error brought forward in its brief, relating to rulings on evidence and portions of the charge, fails to disclose error deemed sufficiently prejudicial to warrant a new trial.

No error.

JOHNSON, J., not sitting.