CARL F. SPAUGH, SR., AND WIFE, OPAL SPAUGH v.
CITY OF WINSTON-SALEM.

(Filed 19 November, 1958.)

1. **Appeal and Error § 51—**

Where defendant introduces evidence, only the correctness of the denial of its motion for judgment of nonsuit at the close of all the evidence is presented for decision. G.S. 1-183.

2. **Trial § 23f—**

Nonsuit is properly allowed when there is a material variance between plaintiff's allegation and proof, and whether there is such fatal variance must be resolved in the light of the facts of each case. G.S. 1-168.

3. **Pleadings § 3a—**

A cause of action consists of the facts alleged in the complaint. G.S. 1-122.

4. **Municipal Corporations § 14b—**

Where plaintiffs sue for permanent damages to their lands resulting from the discharge of sewage into a stream by defendant municipality, and offer evidence that their land was being damaged therefrom, there is no variance between plaintiff's allegation and proof so as to justify nonsuit, notwithstanding that the court, upon defendant's evidence that

the nuisance would be abated by a definite date, submits the issue as to temporary rather than permanent damage.

PARKER, J., not sitting.

APPEAL by defendant from *Gwyn, J.*, April 21, 1958, Term, of FORSYTH.

In two separately stated causes of action, plaintiffs alleged the facts summarized in the following three numbered paragraphs.

1. The first cause of action relates to damages to their home place, containing about 42 acres, located in Forsyth County, south of Winston-Salem, about 100 yards from Salem Creek. The second cause of action relates to damages to a different tract, containing about 33½ acres, located partly in Forsyth and partly in Davidson Counties, which includes a part of the bed of Salem Creek. The basis of each cause of action is the pollution by defendant of Salem Creek by emptying therein raw and partly and inadequately treated sewage.

2. *First cause of action.* Their home place, by reason of the noxious, offensive and nauseating odors emanating from the sewage emptied by defendant into Salem Creek, had become unfit for use and human habitation. The acts of defendant created and caused a continuing and recurring nuisance, constituting a taking of their property, whereby its market value was destroyed. Plaintiffs were damaged thereby in the sum of $25,000.00.

3. *Second cause of action.* Plaintiffs had used the part of the bed of Salem Creek included in their 33½ acre tract for many years for the purpose of pumping sand out of the creek and selling it to the public, principally for use in construction work. The sand in the creek bed on their property, by reason of said pollution of Salem Creek by defendant, had become unusable and unmarketable. On account of said continuing and recurring nuisance, constituting a taking of their property, plaintiffs were damaged in the amount of $5,000.00.

Answering, defendant admitted (1) that its sewage disposal or treatment plant then in use had been in operation since 1926; and (2) that since August, 1956, it had been necessary, as a temporary measure only, to empty small and limited amounts of untreated sewage, from a new outfall sewer line, into Salem Creek. Defendant denied that plaintiffs' properties had been damaged as alleged.

In its further answer and defense, defendant alleged, in substance, that it had become necessary, by reason of the extension of its city limits and the increase in population, to enlarge its sewage treatment facilities; that it was then constructing a new and modern sewage treatment plant on land purchased for that purpose; that construction thereof was commenced in 1956 and would be completed in May, 1959, at which time all sewage collected by defendant would flow

through said plant and be treated in a highly efficient and satisfactory manner; and that the use of the new outfall sewer line, through which a small and limited amount of untreated sewage flowed into Salem Creek, would cease upon completion of the new plant in May, 1959.

In addition, defendant pleaded (1) G.S. 1-53, the two year statute of limitations, in bar of plaintiffs' right to recover "for any and all such conduct on its part, and any damages therefrom which accrued or occurred more than two years prior to the presentation of claim therefor by plaintiffs on June 2, 1957"; and (2) Sec. 115 of the Charter of the City of Winston-Salem, requiring that all claims or demands against the City of Winston-Salem be presented within 90 days after such claim accrued, in bar of plaintiffs' right to recover "for any and all such conduct on its part, and any damage therefrom which accrued or occurred prior to about the first day of April, 1957."

Both plaintiffs and defendant offered evidence in support of their respective allegations.

At the close of the evidence, the court overruled defendant's motion for judgment of involuntary nonsuit. Thereupon, the court submitted the following issues, answered by the jury as indicated, to wit:

"1. Is the plaintiffs' cause barred by the three-year statute of limitations, as alleged in the Answer? Answer: Yes, except from June 24, 1954.

"2. Has the defendant damaged the home tract of the plaintiffs by operation and maintenance of its sewer system? Answer: Yes.

"3. What amount, if any, is the defendant indebted to the plaintiffs because of temporary damages to the home tract? Answer $1500.00.

"4. Did the defendant damage the sand producing lands of the plaintiffs by the operation and maintenance of its sewer system? Answer: Yes.

"5. What amount, if any, is the defendant indebted to the plaintiffs because of the temporary damage to their sand producing lands? Answer: $1200.00."

The court entered judgment in accordance with the verdict. Defendant excepted and appealed.

*Deal, Hutchins & Minor for plaintiffs, appellees.*
*Womble, Carlyle, Sandridge & Rice for defendant, appellant.*

BOBBITT, J. Defendant's only assignments of error are based on its exceptions to the overruling of its motions for judgment of nonsuit. The only motion to be considered is that made by defendant at the close of all the evidence. G.S. 1-183; *Murray v. Wyatt,* 245 N.C. 123, 128, 95 S.E. 2d 541.

While the record is silent as to the ground(s) on which defendant based its motion for judgment of nonsuit when it was considered and overruled by Judge Gwyn, defendant asserts here a fatal variance between plaintiffs' *allegata* and *probata* as the ground on which its motion should have been allowed, citing *Andrews v. Bruton,* 242 N.C. 93, 86 S.E. 2d 786, and similar cases. The rule is well established that judgment of nonsuit is proper when there is a fatal variance between a plaintiff's *allegata* and *probata.* Whether the variance is to be deemed material (fatal) must be resolved in the light of the facts of each case. G.S. 1-168; *Dennis v. Albemarle,* 242 N.C. 263, 87 S.E. 2d 561.

The gist of defendant's argument is that plaintiffs alleged a cause of action to recover permanent damages based on "a permanent and continuing and recurring nuisance upon the plaintiff's lands"; and that, since plaintiffs did not seek or allege damages of a temporary nature, the court erred in overruling defendant's motion for nonsuit.

To consider defendant's position in proper perspective, it should be noted that defendant did not bring forward any exception relating to what transpired prior or subsequent to the overruling of its motion for judgment of nonsuit. Whether there was a fatal variance between plaintiffs' *allegata* and *probata* was determinable at the conclusion of all the evidence. Errors, if any, occurring thereafter, have no bearing upon the correctness of the court's ruling on defendant's motion for judgment of nonsuit.

As stated by *Barnhill, J.* (later C. J.), in *Clinard v. Kernersville,* 215 N.C. 745, 748, 3 S.E. 2d 267: "An action by a landowner against a municipality or corporation possessing the right of condemnation for the maintenance of a continuing nuisance which adversely affects the value of plaintiffs' land is, by a demand for permanent damage either by the plaintiff or by the defendant, converted into an action in the nature of a condemnation proceedings for the assessment of damages for the value of the land or easement taken. The assessment of permanent damages for the maintenance of a continuing nuisance as here alleged and the payment of such damages vests the defendant with an easement entitling it to a continued use of the property in the same manner." Whether permanent damages may be awarded does not depend upon the consent of *both* parties as in a similar action against a private manufacturing corporation. *Aydlett v. By-Products Co.,* 215 N.C. 700, 2 S.E. 2d 881.

A cause of action consists of the facts alleged in the complaint. G.S. 1-122; *Lassiter v. R. R.,* 136 N.C. 89, 48 S.E. 642. Plaintiffs alleged damages to their lands on account of the pollution of Salem Creek by defendant. True, plaintiffs alleged and sought to recover permanent damages and offered much evidence in support of these

allegations. (Note: Defendant abandoned all its exceptions to the admission of such evidence.) Nothing else appearing, plaintiffs were entitled to recover permanent damages for the partial taking of their lands, vesting in defendant a permanent easement, in accordance with legal principles declared and applied in *Clinard v. Kernersville, supra;* S. c., 217 N.C. 686, 9 S.E. 2d 381, and in *Eller v. Board of Education,* 242 N.C. 584, 89 S.E. 2d 144; S. c., 244 N.C. 529, 94 S.E. 2d 478.

We need not determine whether plaintiffs, when all the evidence is considered, were entitled to have submitted an issue as to permanent damages. Suffice to say, there was no variance between plaintiffs' *allegata* and *probata.*

Defendant, in support of its allegations, offered evidence tending to show that the damage, if any, to plaintiffs' lands caused by the pollution of Salem Creek *would be abated* upon completion of its new and modern sewage treatment plant. The court, *(not the jury,)* accepted such assurances, and in reliance thereon limited plaintiffs' recovery to temporary damages. Nothing in the record suggests that this was done at the instance of plaintiffs or that plaintiffs at any time changed *their theory* of the action. Rather, the clear implication is that the court adopted defendant's theory of the action and submitted issues appropriate thereto. Under such circumstances, defendant may not, after trial, defeat plaintiffs' right to recover on the ground that they did not specifically allege and seek to recover temporary damages.

Whether plaintiffs were entitled to recover permanent damages or temporary damages, the basis of recovery was the damage to their lands on account of the pollution of Salem Creek. When the court, under the circumstances here disclosed, limited *the extent* of plaintiffs' recovery to temporary damages, it was not inappropriate for the court to proceed on the theory that plaintiffs' allegations of damages resulting from a permanent taking embraced a lesser claim for damages if plaintiffs were restricted by the court to the temporary damages they sustained during a limited period. *Virginia Ry. & Power Co. v. Ferebee,* 115 Va. 289. 78 S.E. 556.

*City of Austin v. Bush,* Court of Civil Appeals of Texas, Austin, 260 S.W. 300, and *Ehlert v. Galveston H. & S. A. Ry. Co.,* Court of Civil Appeals of Texas, Galveston, 274 S.W. 172; cited by defendant, contain statements to the effect that a landowner is not entitled to have his case submitted to the jury on an issue as to temporary damages when his allegations assert permanent damages and nothing else. Since the cited cases are not controlling in this jurisdiction, we need not explore the factual distinctions between them and the case at

hand. In *City of Austin v. Bush, supra,* these facts are noted: The landowner alleged permanent damages on account of a nuisance caused by the operation of the city's sewage disposal plant. The court submitted issues relating solely to permanent damages. The city, under its general denial, had offered evidence tending to show that *it had abated* the nuisance and that the matters of which the landowner complained were occasioned by carelessness of its employees or by accident and were therefore temporary in character. The error for which a new trial was awarded was the court's failure to submit *to the jury* an issue as to whether the alleged nuisance was of a permanent or temporary character.

True, as defendant contends, citing *Oates v. Mfg. Co.,* 217 N.C. 488, 8 S.E. 2d 605, in actions to recover temporary damages the rule as to the measure of damages is different from that applicable in actions to recover permanent damages. But plaintiffs, in addition to their evidence relating to permanent damages, offered evidence relevant to temporary damages; and it is presumed that the count correctly instructed the jury as to the evidence and the measure of damages relevant to the recovery of temporary damages. *Moore v. Humphrey,* 247 N.C. 423, 432, 101 S.E. 2d 460.

Defendant brought forward no exception which, if allowed, would constitute a ground for a new trial. It would appear that plaintiffs' recovery was not excessive.

No error.

PARKER, J., not sitting.