JANE MOSES ET ALS. v. TOWN OF MORGANTON ET AL.

(Filed 9 June, 1926.)

**Removal of Causes—Federal Court—Nuisance—Joint Tort—Severable Controversy.**

Where a town commits a nuisance to the plaintiff's special damage by emptying its sewage into a stream flowing by plaintiff's residence, and a nonresident defendant also commits a like nuisance by maintaining a tannery thereon, and the nuisance of them both are aggravated by the damming of the stream by another resident defendant, the acts of the three, thus uniting, constitutes a joint tort, and the nonresident defendant is not entitled to have the cause removed from the State to the Federal Court on the ground that the cause of action against it was severable, and complete relief could be afforded against it in the Federal Court, without reference to a fraudulent joinder of the resident defendants for the purpose of defeating the jurisdiction of the Federal Court.

APPEAL by defendant, International Shoe Company, from *R. Lee Wright, Emergency Judge,* at January Term, 1926, of BURKE. Affirmed.

The plaintiffs allege that they are the owners and in possession of a tract of land of about 125 acres, lying on the waters of Hunting Creek and the Catawba River, known as the "Waits Moses Home Place"; that a natural water course runs along the southwest boundary of said tract of land known as Hunting Creek, which empties into a large natural water course on the northwestern boundary of said tract known as the Catawba River, the waters of which said streams prior to the grievances hereinafter stated were pure and wholesome; that the defendant, town of Morganton, is a municipal corporation, chartered by the General Assembly of North Carolina; that the defendant, Western Carolina Power Company, is a corporation of the State of North Carolina, having its office and principal place of business in the city of Charlotte, Mecklenburg County, said state, and that the defendant, International Shoe Company, is a corporation of the State of Missouri, having its office and principal place of business in the city of St. Louis, said state; that a number of years prior to the commencement of this action said defendant, International Shoe Company, or its predecessor, The Burke Tannery Company, installed a system of tanning hides by means of chemicals, acids and other fluids and ingredients applied to said hides in large vats having an outlet into Hunting Creek above the premises of plaintiffs, causing a discoloration and deterioration of the waters of said stream, and its pollution from a large amount of hair, blood and fleshings discharged therein by said defendant; and that said pollution of said stream has continued for three years next preceding the commencement of this action.

That a number of years prior.to the commencement of this action, the said defendant town of Morganton established a system of sewers having an outlet in said Hunting Creek above the said premises of plaintiffs and within a mile and a half thereof, causing a pollution of the waters of said stream by the discharge of dangerous and obnoxious effluences and great quantities of human excrement, which said pollution has continued for three years next preceding the commencement of this action.

That by reason of the discharge of said effluences into said stream by said defendants, the waters of said stream have ever since continued to be corrupted and polluted, causing the same to emit noxious and offensive fumes and odors and to become highly discolored and of foul and unsightly appearance and of loathsome and distasteful quality, to the annoyance, inconvenience and injury of the plaintiffs, in the use and occupancy of said premises, causing said waters of said stream to become unhealthy and unfit for domestic uses, destructive to fish therein and unwholesome for cattle, horses, swine, fowls or other domestic animals, thus causing substantial and special injury and loss to the plaintiffs in their rights in the enjoyment, use and benefit of the waters of said stream in its natural purity, and in causing the air to be filled with noxious, unwholesome and offensive odors and fumes arising therefrom.

That on ·or about 1 January, 1925, the defendant, The Western Carolina Power Company, completed the erection of a dam or dams in the Catawba River below the premises of plaintiffs, as plaintiffs are informed and believe, and as a result of impounding the waters of said stream by said dam or dams, said waters in said stream have been dammed up and backed up into Hunting Creek and along the premises of plaintiffs, causing the waters of said creek to become checked in their flow and resulting in the deposit in and along the banks of said creek and the channel and bed thereof and upon the bottom lands of plaintiffs, and in close proximity of the dwelling-house of the plaintiffs and of a spring from which they have for long years been accustomed to procure their drinking water, residues of slime, filth and effete matter, aggravating and rendering more harmful and more unendurable the aforesaid unwholesome condition of said stream, the unlawful and wrongful acts of the three aforesaid defendants, singly and jointly, contributing to and forming a dangerous and destructive nuisance in said stream, to the great impairment of the value of the property of plaintiffs and to the destruction of the peace and safety in the use of said property by ·plaintiffs for human habitation.

That by reason of the separate and combined unlawful and wrongful acts of the defendants, as aforesaid, the plaintiffs have sustained special

and substantial injuries of a permanent.and continuing kind in the use and occupancy of their said lands; that the plaintiff, Jane Moses, and her family have frequently become sick in consequence thereof, and in the use and occupancy of their said lands and premises the plaintiffs have been greatly inconvenienced, annoyed and injured to their great damage in the sum of ten thousand dollars ($10,000).

The defendant, International Shoe Company, in apt time filed a petition for removal to United States District Court for the Western District of North Carolina, and, among other things, alleges: "That the causes of action alleged in the complaint are not joint, but separate and severable, and the defendants are not, and are not alleged to be joint tort-feasors. Your petitioner has no connection with the tort alleged to have been committed by the town of Morganton, which is alleged to have wrongfully emptied its sewers into the waters of Hunting Creek, nor has your petitioner any interest or connection with the tort alleged to have been committed by the defendant, Western Carolina Power Company, which is alleged to have wrongfully impounded back the waters of Hunting Creek. Your petitioner further avers that neither the town of Morganton nor the Western Carolina Power Company has any connection with your petitioner, nor in the tort alleged to have been committed by your petitioner in the operation of its tannery on said stream, or in the emission or discharge of noxious substances into said stream, or the pollution of the waters thereof by your petitioner. And your petitioner therefore avers the alleged causes of action set out in the complaint are separate, distinct and severable. That the controversy between the plaintiffs and your petitioner is a controversy wholly between them and complete relief afforded as to the separate causes of action without the presence of the other defendants."

Upon hearing before the clerk of the Superior Court of Burke County judgment was rendered that the petition of the defendant, International Shoe Company, be and the same is denied.

On appeal the motion was heard before his Honor, R. Lee Wright, judge presiding, and denied, and the judgment of the clerk of the Superior Court of Burke County affirmed. Defendant, International Shoe Company, excepted, assigned error and appealed to the Supreme Court.

*W. A. Self, L. E. Rudisill and Avery & Patton for plaintiffs.*
*Thos. S. Rollins, S. J. Ervin and S. J. Ervin, Jr., for defendant.*

CLARKSON, J. The defendant, International Shoe Company, contends: "It clearly appears from the allegations of the complaint that the three defendants herein are not joint tort-feasors, but, if tort-feasors at all, that they acted independently, without concert or collusion and not

in pursuit of any common design to pollute the waters of Hunting Creek. One—the town of Morganton—in the effort to discharge its corporate powers, saw fit to discharge the contents of its sewers into the stream; the other—the Western Carolina Power Company—in the exercise of its corporate powers and duties, saw fit to erect a dam in the Catawba River, while the petitioner, the International Shoe Company, saw fit to empty its vats into the stream; but these acts were each and all separate, independent and distinct acts on the part of each of these defendants, and for the acts of one of the defendants the other defendants are in no way liable, for no community of interest exists between them, no relation of master and servant, of principal and agent, and none is alleged to exist. . . . The three alleged causes of action asserted against the three defendants are separate, distinct and independent of each other, and the controversy between the plaintiffs and the petitioner constitutes a separate, severable controversy wholly between citizens of different states, the solution of which is in no way dependent or conditioned upon the other two causes of action set up in the complaint and the cause should, therefore, have been removed."

On the other hand, plaintiffs contend: "It is apparent from the complaint that plaintiffs are not seeking to recover against defendants in three separate causes of action. It is true that they complain of the separate wrongful acts of defendants, namely, that the shoe company and its predecessor for a number of years prior to the institution of this action, had emptied its refuse matter into the stream, and was still doing so; that the Town had for a number of years emptied its sewage into the stream and was still doing so; and that the power company had lately built a dam across the stream and had backed up the foul waters upon the plaintiffs' land. But while plaintiffs complain of these separate wrongs, they do not ask that each wrong be taken as a separate cause of action nor ask for separate damages therefor. The truth is, as shown by the complaint, that the plaintiffs had endured for a number of years two distinct past wrongs committed by the shoe company and the town, because each of said wrongs, prior to the damming up of the stream, was a minor and less grievous wrong than the final great and unendurable wrong brought about and produced by a combination of the three unlawful acts of the three defendants acting in constructive, if not actual, notice of the wrongful and unlawful act of each other. And while the former acts of the town and the shoe company were invasions of the plaintiffs' rights, and might have been the subject of litigation for years past, and while the plaintiffs properly complain of them in their instant action in order that they may set up and differentiate the later wrong, which they elect as their cause of action, namely, the creation of a nuisance by the three defendants, they do not in their com-

plaint ask for nor do they desire damages for injuries prior to the time when the nuisance, caused by the combined unlawful acts of the three defendants, was effected and established. Plaintiffs assert and specify their cause of action in the following unmistakable language: 'The unlawful and wrongful acts of the three aforesaid defendants, singly and jointly, contributing to and forming a dangerous and destructive nuisance in said stream, to the great impairment of the value of the property of plaintiffs and to the destruction of the peace and safety in the use of said property by plaintiffs for human habitation.' To the same intent and purpose, namely, to the assertion of the claim for present and future damages for a permanent and continuing wrong, plaintiffs say: 'That by reason of the separate and combined unlawful and wrongful acts of the defendants, as aforesaid, the plaintiffs have sustained special and substantial injuries of a permanent and continuing kind in the use and occupancy of their said lands,' etc."

The contention of the International Shoe Company is supported by authorities in some jurisdictions, while others are to the contrary. In many cases of this kind it has been held to make parties joint tortfeasors there must be a common concert of action, design or purpose. In the instant case this may be shown from the result, sequence and consequences of the independent acts. If parties, although acting independently know, or have reasonable ground to believe, that their independent acts combining with the independent acts of others will create a result that will become a nuisance and they do so causing damage, they become as it were joint wrongdoers *ab initio,* and are liable as joint tort-feasors. Where all have knowledge of the independent acts that create the result and continue the independent acts with knowledge, this *ipso facto* creates a concert of action and makes a common design or purpose. Any other position, from the facts and circumstances of the case, would make plaintiffs practically remediless, although there is a nuisance which all jointly concurred in and contributed to, that is alleged made the plaintiffs' land valueless, and but for such joinder the injury would not have occurred.

The term "nuisance" means literally annoyance—anything which works hurt, inconvenience or damage or which essentially interferes with the enjoyment of life or property. 29 Cyc., L. & P., 1152.

The International Shoe Company, or the town of Morganton, *if riparian owners,* had a right to use Hunting Creek for any purpose which it can be beneficially applied, but in doing so they have no right to inflict material or substantial injury upon those below them. *Cook v. Mebane,* 191 N. C., 4. The same right is given the Western Carolina Power Company in building its dam—not to inflict material or substantial injury to those above it. This is well settled law.

It is a matter that can be reasonably inferred from the record that the town of Morganton and the International Shoe Company, while emptying its filth in Hunting Creek, knew, or in the use of due care ought to have known, that the Western Carolina Power Company was damming up the Catawba River and there was no outlet for the filth, and that sooner or later it would tend to create a nuisance .or a result which might be reasonably anticipated. With this knowledge, it continued to empty the filth into the creek. They all knew the result and consequences of their acts and continued, after knowledge—they became joint tort-feasors.

26 R. C. L., p. 764, says: "There is a class of cases in which the defendants are jointly and severally liable, although they are several and not joint tort-feasors, as where there is no concert of action or unity of purpose, but the acts are concurrent as to place and the time and unite in setting in operation a single destructive and dangerous force which produced the injury. There is also another class of cases in which the defendants are jointly and severally liable, although they are not joint tort-feasors. *If their acts are separate and distinct as to place and time, but culminate in producing a public nuisance which injures the person or property of another, they are jointly and severally liable."* Bunker Hill & Sullivan Mining, etc., Co. v. Polak, 7 Fed. Rep. (2d series), p. 583; Hillman v. Newington, 57 Cal., 56; McDaniel v. City of Cherryville, 91 Kan., 40. The decisions in the different states are carefully annotated in *Farley v. Crystal Coal & Coke Co.* (West Va.), 9 A. L. R., 933.

Cooley on Torts (3 ed.), p. 246-7, says: "In respect to negligent injuries, there is considerable difference of opinion as to what constitutes joint liability. No comprehensive general rule can be formulated which will harmonize all the authorities. The authorities are, perhaps, not agreed beyond this, but where two or more owe to another a common duty and by a common neglect of that duty such other person is injured, then there is a joint tort with joint and several liability. The weight of authority will, we think, support the more general proposition, that, where the negligence of two or more persons concur in producing a single, indivisible injury, then such persons are jointly and severally liable, although there was no common duty, common design or concert action.

The International Shoe Company says in its brief: "If we are correct in our conclusions that the defendants are not joint tort-feasors, then it is clear that the controversy between the plaintiffs and the International Shoe Company is a separable controversy from that between the plaintiffs and the other defendants herein, the decision of which is

in no way dependent upon or involved in the controversy between the other parties, and that the cause is a removable cause."

We do not think the action a separable controversy. The International Shoe Company was a joint tort-feasor and was an indispensable necessary party to the action. *Morganton v. Hutton,* 187 N. C., 756; *Bank v. Hester,* 188 N. C., 71.

In *Timber Co. v. Ins. Co.,* 190 N. C., p. 803, it is held: "If the defendant, or defendants, who seek to remove, are jointly liable, either in tort (*Ry. Co. v. Dowell,* 229 U. S., 102; *McAllister v. R. R. Co.,* 243 U. S., 302), or in contract (*R. R. v. Ide,* 114 U. S., 52; *Pirie v. Tvedt,* 115 U. S., 41; *Core v. Vinal,* 117 U. S., 347; *Sloane v. Anderson,* 117 U. S., 275), the requisite separability does not exist. . . . (p. 804) A joint tort is not separable," and cases cited.

*Mr. Justice Sanford,* of the Supreme Court of the U. S., in *Hay v. The May Dept. Stores Co. and Wm. McCormick,* opinion delivered 24 May, 1926, citing numerous authorities, says: "It is well settled by the decisions of this Court, that an action brought in a State court against two defendants jointly, in which the plaintiff states a case of joint liability arising out of the concurrent negligence of the defendants, does not present a separable controversy authorizing the removal of the cause to a Federal Court, even though the plaintiff might have sued the defendants separately; the allegations of the complaint being decisive as to the nature of the controversy in the absence of a showing that one of the defendants *was fraudulently joined for the purpose of preventing the removal.*"

From a careful review of the case the judgment of the court below is Affirmed.