R. B. LINEBERGER v. CITY OF GASTONIA, WINGET YARN MILLS
COMPANY, RUBY COTTON MILLS, INC., AND DIXON MILLS, INC.

(Filed 2 January, 1929.)

1. **Parties Defendant—Joinder—Joint Tort-Feasors—Municipal Corporations—Sewerage—Pleadings—Demurrer—Nuisance.**

   In an action against a municipal corporation and private corporations
   for causing a nuisance by reason of emptying sewage in a stream above
   the plaintiff's land, resulting in injury to plaintiff's land and affecting
   the health of the family at his residence: *Held*, the fact that each of the
   defendants acted independently of the others in emptying the sewage in
   the stream does not affect their joint liability when each knew or should
   have known that the sewage of each uniting with the other caused or
   would produce jointly the damages in suit, and a common concert of
   action, design, or purpose therein is not necessary to make them joint
   *tort-feasors* and their joinder as defendants is proper. *Semble*, there can
   be no contribution among joint *tort-feasors*.

2. **Pleadings—Demurrer—Speaking Demurrer—Pending Action.**

   Where there is no allegation in the complaint of the pendency of a prior
   action, this defense may not be taken upon demurrer.

APPEAL by defendants, other than the city of Gastonia, from *Harding,
J.,* at September Term, 1928, of GASTON. Affirmed.

Action to recover damages resulting from a nuisance, caused by con-
tinued trespasses of defendants.

It is alleged in the complaint that each of the defendants owns, main-
tains and operates a sewerage system, from which it discharges sewage
into the water of Catawba Creek; that said waters, polluted by said
sewage, flow over and across the land of plaintiff, thus causing the
nuisance, which results in great damage to plaintiff. In this action,
plaintiff demands judgment that he recover of defendants, as joint *tort-
feasors,* a large sum as damages.

The city of Gastonia has filed an answer to the complaint, denying
the allegations therein upon which plaintiff contends that the said city
is liable to him for his damages; it contends, however, that if it is liable
to plaintiff, its codefendants are also liable for said damages, as *tort-
feasors,* and that each of the defendants should be required to pay its
just proportion of any sum which plaintiff may recover in this action
as damages resulting from the nuisance created by the joint acts of
defendants.

Defendants, other than the city of Gastonia, demurred, severally, to
the complaint, for that (1) there is a misjoinder of parties defendant

and of causes of action, and (2) there are now pending in the Superior Court of Gaston County other actions wherein plaintiff seeks to recover of defendants herein, individually and severally, upon the cause of action alleged in the complaint in this action.

From judgment overruling their several demurrers, defendants, to wit: Winget Yarn Mills Company, Ruby Cotton Mills, Inc., and Dixon Mills, Inc., appealed to the Supreme Court.

*J. L. Hamme for plaintiff.*
*A. E. Woltz and Mangum & Denny for city of Gastonia.*
*Cansler & Cansler, Mason & Mason and A. C. Jones for appellants.*

CONNOR, J. This action was begun on 9 August, 1927. Summons issued on said day was duly served on each of the defendants herein.

The original complaint was filed on 10 August, 1927. Plaintiff alleges therein that he has suffered damages caused by the creation of a nuisance on his land by the trespasses and wrongful acts of defendants. Each of the defendants owns, maintains and operates a sewerage system from which it discharges sewage into Catawba Creek, above the land of plaintiff. The waters of said creek, polluted by said sewage, flow on and upon plaintiff's land, causing the nuisance which has resulted in damages to plaintiff.

Each of the defendants demurred severally to said complaint, upon the ground that there was a misjoinder therein of parties defendant and of causes of action, in that it appears from the allegations of the complaint that defendants are not and were not joint *tort-feasors* with respect to the trespasses and wrongful acts alleged therein, but that said trespasses and wrongful acts were and are separate and distinct, each of said defendants acting therein independently of the other defendants, without unity of purpose or concert of action.

Thereafter, on 2 September, 1927, by leave of court, plaintiff filed an amended complaint, in which in addition to the allegations of the original complaint, it is alleged that "defendants have jointly and severally affected the flow of said creek, contaminated its waters as aforesaid, above the land of plaintiff," and thus caused the nuisance which has resulted in the damages which plaintiff seeks to recover of defendants in this action. Defendants severally demurred to said amended complaint, substantially upon the same grounds as those upon which they demurred to the original complaint.

While the said demurrers were pending, and before the issue thereby raised had been determined, at March Term, 1928, by leave of court, plaintiff took a voluntary nonsuit in this action as against all the de-

fendants except the city of Gastonia. Upon motion of plaintiff the action was dismissed as to the defendants, Winget Yarn Mills Company, Ruby Cotton Mills, Inc., and Dixon Mills, Inc. Judgment to that effect was signed on 24 February, 1928.

Thereafter, at June Special Term, 1928, defendant, city of Gastonia, withdrew its demurrer, and filed an answer to the complaint, denying all the allegations of said complaint upon which plaintiff contends that said city of Gastonia is liable to plaintiff for the damages, resulting from the nuisance alleged in the complaint. At said June Special Term, 1928, upon motion of the city of Gastonia, it was ordered that Winget Yarn Mills Company, Ruby Cotton Mills, Inc., and Dixon Mills, Inc., be and they were made parties defendant by summons duly issued and served upon them. In its motion upon which the said order was made, as the ground for the same, the city of Gastonia alleges that if there is any liability on the part of said city in this action, or if the plaintiff has sustained or is sustaining any damage as alleged in the complaint, the said Winget Yarn Mills Company, Ruby Cotton Mills, Inc., and Dixon Mills, Inc., are liable to plaintiff for said damages as joint *tort-feasors,* upon the allegations of the amended complaint.

After summons had been served on appellants, and after they had been made parties defendant in this action, upon motion of the city of Gastonia, to wit, on 27 August, 1928, plaintiff filed an amended complaint, which supersedes the original complaint filed on 10 August, 1927, and the amended complaint filed on 2 September, 1927. Demurrers have been filed to this last complaint by each of the defendants, other than the city of Gastonia.

After the judgment dismissing the action, upon motion of plaintiff, as against Winget Yarn Mills Company, Ruby Cotton Mills, Inc., and Dixon Mills, Inc., to wit, on 3 March, 1928, plaintiff began an action in the Superior Court of Gaston County, against each of said corporations, upon the same cause of action as that set out in the complaint in this action. A complaint and answer have been filed in each of said actions. These several actions are now pending.

In the amended complaint, filed on 27 August, 1928, plaintiff alleges that each of the defendants owns, maintains and operates a sewerage system. The city of Gastonia owns, maintains and operates its sewerage system, under the provisions of its charter, as a municipal corporation. The other defendants are industrial corporations; each owns, maintains and operates its own sewerage system, for its own use, and for the use of its employees, and of members of their families. The sewage from each of said systems is discharged into waters which flow through Catawba Creek upon the land of plaintiff.

The allegations of the complaint more particularly pertinent to the decision of the question presented by this appeal are as follows:

"4. That each of the defendants herein severally divert other waters from their usual courses, pollute same as hereinafter alleged, are now diverting, and for more than three years past have so diverted waters to the said Catawba Creek above the lands of this plaintiff, and have for such period severally discharged said waters, together with other offensive materials as hereinafter alleged into said Catawba Creek, directly or indirectly, above the lands of plaintiff, as aforesaid, by means of pipes, sewer lines, and ditches or drains, so divert and deposit into said waters such material together with untreated human excrement and other filthy and obnoxiously odorous materials, having been severally gathered by each and every of the defendants and transported as aforesaid, that by reason of the bringing together of the said filthy materials and depositing same as aforesaid, the defendants have jointly and severally, materially affected the flow of said creek, contaminated its waters, as aforesaid, above the lands of this plaintiff; which said waters are so contaminated as they flow over the lands of this plaintiff; that at frequent intervals, throughout the year, deposit filth as aforesaid, on and upon the lands of this plaintiff, and among the trees, bushes and shrubbery along said bottom lands, render same veritable breeding places for mosquitoes, flies and other obnoxious insects, and thereby so contaminating the atmosphere with such insects, flies, mosquitoes, obnoxious odors, as to render fully fifty acres of said lands useless for human habitation or tendance, and at times invade his home by means of said flies and mosquitoes, thereby depriving him of the quiet and peaceable possession and enjoyment of same, rendering same all but uninhabitable, greatly menacing the health of his entire family, whereby he has been caused to suffer great mental anguish and pecuniary losses, as hereinafter alleged."

"5. That by reason of the contamination of the water of said Catawba Creek, as aforesaid, and the consequent contamination of the air as aforesaid, proximately resulting from the joint and several acts of omission and commission on the part of each and every one of the defendants in this action, this plaintiff has been damaged in the sum of ten thousand dollars ($10,000), to the commencement of this action."

Appellants each demurred to said amended complaint for that (1) there is a misjoinder therein of parties defendant and of causes of action; and (2) there are now pending in the Superior Court of Gaston County other actions wherein plaintiff seeks to recover of defendants, individually and severally, upon the cause of action alleged in the complaint in this action. They have appealed from the judgment over-

ruling their several demurrers. The only assignment of error presented on their appeal to this Court is based upon their exception to said judgment.

This assignment of error cannot be sustained, on either ground. With respect to the first ground, to wit, that there is a misjoinder of parties defendant and of causes of action, the judgment is sustained by the decision of this Court in *Moses v. Morganton,* 192 N. C., 102, 133 S. E., 421. It is conceded in the opinion in that case, that there are decisions of courts of other jurisdictions which are not in full accord with our decision. It is said: "In many cases of this kind it has been held to make parties joint *tort-feasors* there must be a common concert of action, design or purpose. In the instant case, this may be shown from the result, sequence and consequences of the independent acts. If parties, although acting independently know or have reasonable ground to believe that their independent acts, combining with the independent acts of others will create a result that will become a nuisance, and they do so, causing damage, they become as it were joint wrong-doers *ab initio,* and are liable as joint *tort-feasors.* Where all have knowledge of the independent acts that create the result, and continue the independent acts with knowledge, this *ipso facto* creates concert of action and makes a common design or purpose." We are unable to distinguish the instant case from *Moses v. Morganton,* and upon the authority of our decision in that case, hold that there was no error in overruling the demurrer upon the first ground.

With respect to the second ground for the demurrers, to wit, that there are now pending in the Superior Court of Gaston County other actions wherein plaintiff seeks to recover of defendants, individually and severally, upon the cause of action alleged in the complaint in this action, it is sufficient to say that this does not appear upon the face of the complaint. In *Allen v. Salley,* 179 N. C., 147, 101 S. E., 545, it is said: "A demurrer would lie if the pendency of the former action appeared on the face of the complaint." It appears from the record in this action that the other actions referred to in the demurrers, as now pending, were begun after this action, and while same was pending. Appellants were defendants of record in this action from the date on which the action was begun, until the judgment upon the voluntary nonsuit dismissing the action as to them. The other actions were not begun until this action was dismissed as to appellants. Appellants were again made parties defendant, upon motion of the city of Gastonia, in order that it might present to the court, for decision, its contention that if plaintiff shall recover in this action against all the defendants, or against any two or more of them, the defendant who shall pay the

29—196

judgment will be entitled to contribution from the others or the other. This contention is not now presented for decision, and may well await the results of the trial.

See, however, C. S., 618, which seems to abrogate the well settled rule that, subject to some exceptions (*Gregg v. Wilmington*, 155 N. C., 18, 70 S. E., 1070), there can be no contribution between joint *tort-feasors*. *Raulf v. Light Co.*, 176 N. C., 691, 97 S. E., 236. We find no error. The judgment is

Affirmed.