MRS. F. S. WAGNER v. THE TOWN OF CONOVER.

(Filed 19 December, 1930.)

1. **Municipal Corporations E f—A city is liable in damages for injuries to lands caused by its sewer system.**

   An incorporated town is liable in damages to the lands of a lower proprietor on a stream for the disposal of sewage into the waters of a stream causing depreciation in the value of the land of the lower proprietor upon the principle that it amounts to a taking of private property for a public use to the extent of the damage, requiring compensation to be paid under the provisions of our Constitution.

2. **Same—Where permanent damages are caused by sewer system an issue thereon may be requested by either party—Measure of damage.**

   Where the injury to the plaintiff's land is shown to be of a permanent nature and caused by the sewerage disposal plant of the defendant incorporated town, permanent damages may be awarded by the jury, measured by the difference in value of the land before and after the time the sewer system was constructed and maintained.

3. **Same—City may not escape liability for damage caused by sewer system on ground that its maintenance was a governmental function.**

   A municipality may not escape liability for damages to the land of a lower proprietor caused by its maintenance of a sewerage disposal plant upon the ground that it was done in the exercise of a governmental function.

4. **Same—Noxious gases may be considered by the jury as an element of damage caused by city's sewer system.**

   Noxious gases affecting the health of those living upon the land may be considered by the jury in assessing damages to the plaintiff's land caused by the defendant municipality's sewerage disposal plant as an element causing depreciation to the value of the land.

5. **Same—Instruction on question of measure of damages recoverable for injury to land by sewer system held not erroneous.**

   Where there is evidence tending to show that the plaintiff's land was diminished in value by a municipality disposing of its sewage in a stream above the land, no error will be found in the instruction of the court confining the injury to that done to the plaintiff's land when, considering the charge as a whole, the jury must have awarded damages for the injury to the land in exclusion of any separate damages to the health of the plaintiff or those living upon the land.

6. **Same—Measure of permanent damages caused by sewer system of city.**

   Where prospective damages are awarded against a municipality for maintaining and operating a sewerage disposal plant to the damage of plaintiff's land lying lower down upon a stream into which the sewage was emptied, in assessing plaintiff's prospective damages the judgment should include such future damages as will result to the land from the lawful maintenance of the sewerage plant that had been constructed.

APPEAL by defendant from *Stack, J.,* and a jury, at January Term, 1930, of CATAWBA. Modfied and affirmed.

This was a civil action instituted by the plaintiff to recover of the defendant for the alleged construction and maintenance of a sewer disposal into the waters of a stream which ultimately ran down to, upon, and over the land of the plaintiff.

The issues submitted to the jury and their answers, thereto were as follows:

"1. Is the plaintiff the owner of the lands described in her complaint? Answer: Yes.

2. Has the plaintiff's lands been damaged by the installation and maintenance of the defendant's sewer system, as alleged in her complaint? Answer: Yes.

3. If so, what permanent damages, if any, is plaintiff entitled to recover? Answer: $2,000."

The judgment was as follows: "This cause coming on to be heard before his Honor, A. M. Stack, judge, and a jury, at January Term, 1930, and the jury having answered the issues in favor of the plaintiff, and assessed her damages at $2,000, and the court having intimated that $1,750 would be a fair value for the damages sustained to the plaintiff's land, adjudged and ordered that the plaintiff recover of the defendant the sum of $1,750, and the costs of action by way of permanent damages to her lands by reason of the acts of the defendant as complained of in her complaint, and for costs of action. The reduction of the recovery from $2,000 to $1,750 is with the plaintiff's consent."

Defendant made numerous assignments of error and appealed to the Supreme Court.

*M. H. Yount for plaintiff.*
*Wilson Warlick for defendant.*

CLARKSON, J. At the close of plaintiff's evidence and at the close of all the evidence defendant made motions in the court below for judgment as in case of nonsuit. C. S., 567. In overruling these motions in the court below, we can see no error.

It is well settled in this jurisdiction that plaintiff can recover of a municipality for sewer disposal causing damage. In *Donnell v. Greensboro,* 164 N. C., at p. 334, citing numerous authorities, is the following: "The decisions of this State are in approval of the principle that the owner can recover such damage for a wrong of this character, and that the right is not affected by the fact that the acts complained of were done in the exercise of governmental functions or by express municipal or legislative authority, the position being that the damage arising from the impaired value of the property is to be considered and dealt with to

that extent as a 'taking or appropriation,' and brings the claim within the constitutional principle that a man's property may not be taken from him even for the public benefit except upon compensation duly made." *Sandlin v. Wilmington,* 185 N. C., 257; *Cook v. Mebane,* 191 N. C., 1; *Moses v. Morganton,* 192 N. C., 102, and 195 N. C., 92.

The evidence is competent in regard to a spring in the bank of the creek gone after the construction and maintenance of the sewer disposal into the stream and also the use of the land for a swimming pool, the probative force is for the jury. *Ayden v. Lancaster,* 197 N. C., at p. 560-1.

The court below charged: "If one by the maintenance of a manufacturing plant, sewerage flow or anything of that kind, injuriously affects the health, the life or the property of another, thereby injuring such person in the enjoyment of their rights, then that would give the action to the one who owns the property." The defendant excepted and assigned error to the above portion of the charge made by the court below.

In *Moser v. Burlington,* 162 N. C., at p. 144, we find: "On the question of damages, his Honor correctly applied the rule as it obtains with us, that the damages are confined to the diminished pecuniary value of the property incident to the wrong. *Metz v. City of Asheville,* 150 N. C., 748; *Williams v. Greenville,* 130 N. C., 93, the evidence as to specific cases of sickness in plaintiff's family having been admitted and its consideration allowed only as it tended to establish the existence of the nuisance and the amount of damage done to the property."

In *Donnell v. Greensboro, supra,* at p. 335, speaking to the subject: "In such case, and except as affected by the existence of certain rights peculiar to riparian ownership, a recovery does not seem to depend on whether the damage is caused through the medium of polluted water or noxious air; the injury is considered a taking or appropriation of the property to that extent, and compensation may be awarded. *Brown v. Chemical Co.,* 162 N. C., 83."

The present action is against the municipality—one brought to recover damage for injury done to the property. The question of health or noxious air is applicable only so far as it affects the taking or appropriation of the property. The charge being general is subject to criticism, but we cannot hold it as prejudicial error, as there was no evidence or contention as to injury to health.

The court below charged: ("Permanent damages means the damage that has already been incurred, or that may be incurred in the future, because the plaintiff asks for permanent damages. If you award any damages at all, that is for the future as well as for the past, and would give this defendant an easement to empty its sewerage into that stream and to stay where it is now—give it a right to continue it without fur-

ther litigation.") The court also charged: "Permanent damage means whatever injury has been done to the place and will be done—that is, damages to its value. In other words, how much, if any, had this sewer system there damaged the place, and the way to get at the amount of damage, if you reach that is this: You will ascertain what the place would be worth if the sewer system was not there, and no pollution of the water by the defendant. Set that down in figures. Then ascertain what would be the market value of the land in its present condition— and set that down, and if that is less than the amount if the sewerage were not there, then subtract the one from the other, and that would be your answer to the third issue, if you reach that issue."

We cannot sustain defendant's exception and assignment of error to the above portions of the charge in brackets. The charge, taken as a whole we do not think is such reversible error as the charge was held to be in *Moser v. Burlington,* 162 N. C., at p. 144. There was no evidence in the present case of the existence of an indictable public nuisance and the charge in the *Moser case* was susceptible that damage was awarded also for the public nuisance.

In *Rhodes v. Durham,* 165 N. C., at p. 680, citing numerous authorities, is the following: "Our decisions are also in support of the proposition that where the injuries are by reason of structures or conditions permanent in their nature, and their existence and maintenance is guaranteed or protected by the power of eminent domain or because the interest of the public therein is of such an exigent nature that right of abatement at the instance of an individual is of necessity denied, it is open to either plaintiff or defendant to demand that permanent damages be awarded; the proceedings in such cases to some extent taking on the nature of condemning an easement."

The present case was tried out on the theory of permanent damage, which was a right of plaintiff and also defendant, it being a municipality with the right to condemn an easement for sewerage disposal.

In cases of private ownership, an issue for permanent damages may be sustained by consent of parties. *Langley v. Hosiery Mills,* 194 N. C., at p. 646. Of course where the "structures or conditions permanent in their nature," as in the present case, plaintiff and defendant (being a municipality) both had the right to have an issue submitted for permanent damage. *Rhodes v. Durham, supra.*

The charge clearly and specifically relates to permanent damage, and the jury, from the charge of the court below, necessarily found that the amount rendered was for permanent damage "done to the place and will be done." The judgment should be modified to include damage that "will be done" from its lawful maintenance and operation. The judgment below is

Modified and affirmed.