MRS. J. C. HAMPTON v. TOWN OF SPINDALE ET AL.

(Filed 14 October, 1936.)

1. **Negligence A c—Corporations using, but having no control over, municipal sewerage system may not be held liable for nuisance created thereby.**

Industrial corporations using a municipal sewerage system by emptying their sewage and industrial waste into the sewers, but having no interest in or control over the sewerage system, which is operated and owned by the municipality, may not be held liable as joint tort-feasors with the municipality for damages resulting to lands of a lower proprietor along the stream into which the sewage is emptied.

2. **Same—Corporation diminishing flow of stream may not be held liable for pollution of stream by municipality.**

Plaintiff instituted this action to recover damages to her lands caused by a municipal sewerage system. Plaintiff alleged that defendant power company, in operating the water system owned by it which supplied water to the municipality, diverted and greatly diminished the flow of water in the stream above the municipality, and that the sewage emptied in the stream below the municipality would have been carried away and rendered less noxious if the flow of water in the stream had not thus been diminished. *Held:* The action was not to recover compensation for the infringement of plaintiff's right to have the undiminished flow of the stream through her land, but to recover damages caused by the pollution of the stream, and the diminution of the flow of the stream cannot be held a proximate cause of such pollution, and the power company cannot be held liable as a joint tort-feasor with the municipality in causing the damage in suit.

APPEAL by the plaintiff from *Pless, J.,* at April Term, 1936, of RUTHERFORD. Affirmed.

*Varser, McIntyre & Henry, W. B. Matheny, and Quinn, Hamrick & Hamrick for plaintiff, appellant.*

*W. S. O'B. Robinson, Jr., W. B. McGuire, Jr., and J. H. Marion for Southern Public Utilities Company (now Duke Power Company), appellee.*

*Guthrie, Pierce & Blakeney, J. S. Dockery, and W. C. McRorie for Spinners Processing Company, appellee.*

*S. P. Dunnagan for Stonecutter Mills Company and The Elmore Corporation, appellees.*

*B. T. Jones, Jr., for Sterling Hosiery Mills, Inc., appellee.*

*J. S. Dockery for L. M. Carpenter, Receiver, and The Spencer Corporation, appellees.*

SCHENCK, J. This is an action instituted by the plaintiff as a riparian owner against the defendants to recover for permanent damages to her land alleged to have been proximately caused by joint negligence and unlawful acts of the defendants in maintaining a nuisance on plaintiff's land, consisting of a polluted stream and of polluted soil and contaminated air.

The following facts are admitted without controversy:

1. All the defendants admit their corporate existence.

2. That the defendants admit that the plaintiff is the owner of the land described in the complaint.

3. The town of Spindale owns and operates its sewerage system; no other defendant has any interest in or control over this sewerage system.

4. That the Duke Power Company owns and operates the waterworks system in the town of Spindale, having purchased same from the town of Spindale on 27 March, 1931, and has operated it in the same manner since that time.

5. All of the mill defendants use the town sewer lines; and no one of the defendants has any separate pipe line or outlet to discharge this sewage into the branch or Holland's creek.

6. All of the manufacturing plants owned by the various defendants discharge their sewage and industrial waste into the said sewerage system of the town of Spindale.

7. The town of Spindale and all of the mill defendants purchase their water from the Duke Power Company, the owner of the waterworks system, and have purchased it since 27 March, 1931.

8. Only the sewage arising on the north side of the Highway No. 20 is emptied into Holland's creek or the branch emptying into said creek; the sewage arising on the south side is discharged into another pipe line and does not go into this creek.

The plaintiff offered evidence tending to show that the sewage from the sewerage system of the town of Spindale emptied into Holland's creek which ran through the land of the plaintiff, and that as a result thereof the banks of the stream were caused to cave in and the sewage was deposited on plaintiff's land, causing the vegetation to die, creating obnoxious and nauseating odors, causing the breeding of annoying and poisonous insects, and rendering the land worthless and uninhabitable.

At the close of the plaintiff's evidence, the court sustained motions for

judgment of nonsuit lodged by all of the defendants, except the town of Spindale, and the plaintiff submitted to a voluntary nonsuit as to said town and appealed to the Supreme Court, assigning as error the action of the court in sustaining the motions of the Southern Public Utilities Company (now Duke Power Company and hereinafter called the Power Company), and of Stonecutter Mills Company, Sterling Hosiery Mills, Inc., Spinners Processing Company, The Elmore Corporation, and L. M. Carpenter, Receiver of The Spencer Corporation (hereinafter called the Mill Companies).

Considering first the appeal from the judgment as of nonsuit as to the Mill Companies: It will be noted from the admitted facts that the town of Spindale owned the sewerage system, and that no other defendant has any interest or control over said system, and that the Mill Companies discharge their sewage and industrial waste in said sewerage system, and that sewage arising on the north side of Highway No. 10 is emptied into Holland's creek. We think, and so hold, that under these facts there was no liability to the plaintiff from the Mill Companies for any pollution of the stream flowing through the plaintiff's land. The rule is clearly and concisely stated in 43 C. J., on pages 1158-9, as follows: "But the inhabitants of a city who invoke its power to construct and control a sewer, and who use the sewer after its completion for the purpose and in the way prescribed by law, are not liable jointly with the city for the damages which result to third persons from the negligence of the city in the construction, management, or operation of the sewer." To the same effect is Thompson's Commentaries on the Law of Negligence, Vol. 5, at p. 372, as follows: "It has been held that citizens who request the construction of a public sewer and use the same are not liable for the negligence of the city in its construction or operation, since they have no control or command over its construction, management, or operation; and hence, they may not be joined with the city in an action for damages resulting from the faulty construction, management, or operation of the sewer." And still further in 9 R. C. L., at page 670, it is written: "Persons on whose initiative a sewer is constructed and who use it after its completion are not proper parties defendant with the municipality in a suit to enjoin its operation on the ground that it is a nuisance," and on page 674, "When an owner of land constructs a sewer and then parts with all control over it to a municipality, he is not liable if it later becomes a nuisance, for the proximate cause of the nuisance is not the construction of the sewer, but its use and it is the municipality that is liable. The inhabitants of a city who invoke its power to construct and who after completion use a sewer, cannot properly be joined with the municipality in a suit for damages and an injunction on account of the effects of its negligence in operating

the sewer." See, also, *Carmichael v. Texarkana,* 116 Fed., 845; *Kraver v. Smith,* 164 Ky., 674; *Johnson v. Kraft-Phenix Cheese Corp.,* 94 S. W. (2nd Series), 54 (Tenn., 1936).

The same rule seems to prevail in the English courts as is evidenced by *Lewis v. Alexander,* 24 Can. S. C., 551, wherein the author of the opinion writes: "It appears to me that if the sewer be vested in the local authority (municipality) and the defendants have the sanction of that authority for doing what they have done, this action is not maintainable, for, if it were, every householder whose house is drained into a sewer which is vested in and is under the control of a local authority, would be liable to be proceeded against for what that authority might do with the sewage which flowed out of the mouth of the sewer although the householder was unable to direct how and in what way the sewage was to be dealt with. It is immaterial who originally constructed the sewer. When once the sewer was vested in the local authority, they are the persons liable for any injury caused by the affluent from the sewer and not the persons who drain into the sewer. . . . The plaintiff has, in my opinion, sued the wrong defendants. . . . The judgment must be entered for the defendants."

Considering next the appeal from the judgment as of nonsuit as to the Power Company: So far as any damage caused by the placing of deleterious substances through the sewerage system into Holland's creek is concerned, what has been said as to the Mill Companies' liability applies with equal force to that of the Power Company, since by the admitted facts "no other defendant (than the town of Spindale) has any interest in or control over this sewerage system."

However, the plaintiff contends in her brief that her land has been damaged by reason of the fact that the Power Company diverted the water from Holland's creek above her land to furnish the town of Spindale with water, and thereby caused the water in said creek to run in diminished quantities through her land. A careful reading of the complaint divulges that the only damage alleged to plaintiff's land is the damage caused by the nuisance due to the pollution of the stream. True, it is alleged, in effect, that if the diminution in the volume of water had not been brought about, the stream in its natural flow would have carried off the pollution and thereby have minimized the damage, and true it is that there is evidence tending to show that the flow of the stream had been diminished, still the gravaman of this action is the damage from the nuisance caused by the pollution of the stream, as appears from the following allegation of the complaint in the summing up of the wrongful and negligent acts complained of: "(a) In that the Southern Public Utilities Company wrongfully diverted the water from Holland's creek to the plants of the various manufacturing defendants

and the town of Spindale, when it knew, or by the exercise of reasonable care and prudence, could have known that the said water so wrongfully diverted would be polluted by each of the defendants, and that neither of the defendants has a purification plant for the treatment of the said water so wrongfully diverted, polluted, and contaminated, mixed with dye liquor and other chemicals and deleterious substances." Under the allegations of the complaint and under the facts as they appear from the evidence, viewing it in the light most favorable to the plaintiff, the diminution of the flow of the stream cannot be held to be a proximate cause of the pollution of the stream, the nuisance complained of. The right of the plaintiff to recover compensation for the taking from her by the Power Company by virtue of its right of eminent domain of her right to have the undiminished flow of the stream through her land is not invoked. The action is solely for damages arising from a nuisance, caused by the pollution of Holland's creek, and there is no evidence that the Power Company polluted the stream.

We think, and so hold, that the court ruled correctly in sustaining the motion of the defendant Power Company for judgment as of nonsuit.

Affirmed.