O. F. CLINARD AND WIFE, MILDRED CLINARD, v. TOWN OF KERNERSVILLE AND VANCE KNITTING COMPANY, INC.

(Filed 16 June, 1939.)

**1. Nuisance § 3: Waters and Water Courses § 11—**

In an action against a private corporation to recover damages resulting to plaintiffs' land by the corporation's pollution of a stream running across the land, plaintiffs may not demand permanent damages entitling the corporation to a permanent easement unless the parties consent to trial upon this theory.

**2. Waters and Water Courses § 12—Evidence held to show that private corporation was not responsible for drainage of waste products on plaintiffs' land.**

Plaintiffs' evidence tended to show that defendant private corporation emptied waste from its dyeing operations into a reservoir built by defendant municipality, that thereafter the municipality changed the drainage from the reservoir from one stream to the stream flowing over plaintiffs' land. *Held:* The evidence discloses that the private corporation had no direction of or control over the drainage of the waste dye products, and its motion to nonsuit should have been granted in plaintiffs' action to recover damages.

**3. Municipal Corporations § 16: Eminent Domain § 2—Injury to land from pollution of stream by municipality constitutes a taking of property by eminent domain.**

Where damages result to plaintiffs' land by reason of the discharge by a municipality of foul matter from its sewage disposal plant, plaintiffs may recover permanent damages sustained notwithstanding that they resulted from the exercise of a governmental function, and irrespective of any negligence in the operation of the sewage disposal plant, the continuing nuisance, to the degree that the value of the land is depreciated, constituting a taking of an easement by eminent domain, and the exigency of public necessity precluding an abatement of the nuisance.

**4. Municipal Corporations § 16—Measure of damages recoverable against municipality for pollution of stream by sewage disposal plant.**

In an action against a municipality to recover damages resulting to plaintiffs' lands from the pollution of a stream running across the land by discharge of matter from defendant's sewage disposal plant, the measure

CLINARD v. KERNERSVILLE.

of damages is the difference in the market value of plaintiffs' land before the municipality began to so use the stream and its market value immediately thereafter, the damages being assessed as compensation for a permanent easement entitling the municipality to the continued use of the stream for such · purposes; and an instruction submitting for the jury's consideration the evidence of a single trespass in cutting underbrush along the stream, causing debris to be washed down and making the stream overflow on plaintiffs' lands more easily, evidence that mosquitoes had become more prevalent, without evidence of any causal relation between this condition and the municipality's use of the stream, evidence that plaintiffs had sold their cow, without evidence of any causal connection between this act and the acts complained of, must be held for reversible error.

**5. Municipal Corporations § 13—**

> Evidence that WPA workers had cut brush along the stream upon plaintiffs' land is insufficient to hold defendant municipality responsible for the alleged trespass.

APPEAL by defendants from *Clement, J.,* at February Term, 1939, of FORSYTH.

Civil action to recover damage to real property caused by the pollution of a stream which crosses plaintiffs' land by emitting waste water from sewage disposal plant and dye water and waste from the Knitting Company plant, and for damages arising from other causes set out in the complaint.

The town of Kernersville erected a sewage disposal plant on Abbotts Creek, about 250 yards above the property of plaintiffs. The plant was completed and put in operation in the year 1937. Water from the plant flows into said creek, passing over and across the lands of the plaintiffs, and they allege that by reason thereof odors are emitted which materially affect the value of their property.

Vance Knitting Mill is a corporation having its plant located in the corporate limits of the town of Kernersville. The water used by it in connection with its dyeing process is discharged into a basin on its property which was constructed by the town of Kernersville. The town of Kernersville then disposes of the water through a ditch into Abbotts Creek and it then flows over and across plaintiffs' land. Plaintiffs allege that said dye water discolors and pollutes said stream and causes noxious odors to emanate, resulting in damage to their property. Plaintiffs also allege that while the sewage plant was being constructed by the defendant town, the town cut the timber, underbrush and shrubbery growing on either side of the banks of Abbotts Creek and caused the timber to become lodged in said creek, causing sand and debris to flow down and fill in the creek, which results in an overflow of said creek during rains, which overflow damages and injures their property.

The plaintiffs allege that the maintenance of the sewage disposal plant is permanent in its nature and character and by its construction plaintiffs have suffered permanent damage and their property has been practically confiscated without compensation, and that the defendant Vance Knitting Company is continually trespassing on the property of the plaintiffs and creating a nuisance thereon, thereby depriving the plaintiffs of the lawful use of their property without compensation.

Upon the trial below issues were submitted to and answered by the jury as follows:

"1. Are the plaintiffs the owners of the land described in the complaint? Answer: 'Yes.'

"2. Has the plaintiffs' land been damaged by the maintenance and operation of a sewage disposal plant by the town of Kernersville, as alleged in the complaint? Answer: 'Yes.'

"3. Has the plaintiffs' land been damaged by the defendant, Vance Knitting Company, Incorporated, polluting the stream that flows through the plaintiffs' premises, as alleged in the complaint? Answer: 'Yes.'

"4. What permanent damage, if any, are plaintiffs entitled to recover of the defendants? Answer: '$1,650.00.'"

From judgment on the verdict the defendants appealed.

*Lovelace & Kirkman and Benbow & Hall for plaintiffs, appellees.*
*Manly, Hendren & Womble and I. E. Carlyle for defendants, appellants.*

BARNHILL, J.  The plaintiffs offered evidence tending to show that the Vance Knitting Company is engaged in the manufacture of hosiery of plain and varied colors and for that purpose owns and operates a plant located in the town of Kernersville; that under the direction and supervision of the town of Kernersville said Vance Knitting Company, during a portion of the time when it is in operation, emits water from its plant into a ditch which leads to Abbotts Creek and that this water is discolored. The defendants' evidence is to like effect as to the methods of disposal of the water from the Vance Knitting Company. It shows that the water from the Vance Knitting Company is discharged into a basin located on the property of said company, but constructed and maintained by the town; that the town then disposes of the water through a ditch emptying into Abbotts Creek; that prior to the construction of the plant on Abbotts Creek the town ran this water through a sewage disposal plant on Muddy Creek; that the outlet for the water was transferred to Abbotts Creek in order to increase its flow and was at first run through the sewage plant, but on advice from the Board of

Health it was diverted directly into Abbotts Creek without going through the disposal plant.

A plaintiff may not as a matter of right have permanent damages for the maintenance of a nuisance assessed against a private corporation. His right exists only as against municipalities and corporations having the statutory power of eminent domain. *Langley v. Hosiery Mills,* 194 N. C., 644, 140 S. E., 440, and cases there cited. However, it may be done by consent, *Langley v. Hosiery Mills, supra; Brown v. Chemical Company,* 162 N. C., 84, and the defendant Vance Knitting Company joined in the request for the assessment of permanent damages in the event damages were allowed.

Even if it be conceded that there is any evidence in the record tending to show that the water coming from the Vance Knitting Mill in anywise adversely affects the value of the lands of the plaintiffs we are of the opinion that as to this defendant the motion for judgment as of nonsuit should have been allowed. The waters coming from its hosiery mill were first discharged by the defendant town through its Muddy Creek sewage plant. After the construction of the plant on Abbotts Creek the defendant town then diverted the said water into Abbotts Creek. The Knitting Company has no control over the disposition of the water. It is disposed of under the sole supervision and control of the defendant town. Under such circumstances no liability is imposed upon the Knitting Company for any damage caused to the property of the plaintiffs on account of the emptying of such dye water into Abbotts Creek. If there is any damage sole responsibility therefor rests upon the defendant town. *Hampton v. Spindale,* 210 N. C., 546, 187 S. E., 775; 43 C. J., 1158-9; *Carmichael v. Texarkana,* 116 Fed., 845, 58 L. R. A., 911.

The defendant town of Kernersville concedes that its motion for judgment as of nonsuit was properly overruled, but insists that there were errors committed in the trial which entitles it to a new trial.

The liability of the town is not to be determined by any negligent conduct on its part in the operation of its disposal plant. If in so doing it in fact discharges foul matter upon the lands of the plaintiffs, or it so pollutes the water of the stream which crosses plaintiffs' land that foul and noxious odors emanate therefrom it is liable for the resulting damage, even though in so doing it is exercising a governmental function. An action by a landowner against a municipality or corporation possessing the right of condemnation for the maintenance of a continuing nuisance which adversely affects the value of plaintiffs' land is, by the demand for permanent damage either by the plaintiff or by the defendant, converted into an action in the nature of a condemnation proceedings for the assessment of damages for the value of the land or easement taken. The assessment of permanent damages for the main-

tenance of a continuing nuisance as here alleged and the payment of such damages vests the defendant with an easement entitling it to a continued use of the property in the same manner. No matter how urgent the demands of the public may be or how necessary to the progress of the country, no man's property may be taken without compensation. In those cases wherein the right is asserted to pollute streams or otherwise appropriate or subject lands to an additional burden the question of negligence is not involved. Courts uniformly hold that where the action is for damages by way of compensation, which when paid, secures an easement, the owner of the property is entitled to recover. The pollution of a stream is equivalent to a taking and an appropriation in part. *Staton v. R. R.*, 111 N. C., 278, 16 S. E., 181; *Thomason v. R. R.*, 142 N. C., 318, 55 S. E., 205; *Beach v. R. R.*, 120 N. C., 498, 26 S. E., 703; *Lassiter v. R. R.*, 126 N. C., 509, 36 S. E., 48. The law permits the acquisition of the easement in such cases by the payment of permanent damages, the judgment having that effect. *Brown v. Power Co.*, 140 N. C., 333, 52 S. E., 954; *Thomason v. R. R., supra*.

"The decisions of this State are in approval of the principle that the owner can recover such (permanent) damage for a wrong of this character (damages resulting from the operation of a sewage plant which polluted a stream crossing plaintiff's land), and that the right is not affected by the fact that the acts complained of were done in the exercise of governmental functions or by express municipal or legislative authority, the position being that the damage arising from the impaired value of the property is to be considered and dealt with to that extent as a 'taking or appropriation,' and brings the claim within the constitutional principle that a man's property may not be taken from him even for the public benefit except upon compensation duly made." *Donnell v. Greensboro*, 164 N. C., 331, at p. 334; *Sandlin v. Wilmington*, 185 N. C., 257, 116 S. E., 733; *Hines v. Rocky Mount*, 162 N. C., 409, 78 S. E., 510; *Cook v. Mebane*, 191 N. C., 1, 131 S. E., 407; *Moses v. Morganton*, 192 N. C., 102, and 195 N. C., 92. The damages are confined to the diminished pecuniary value of the property incident to the wrong or to the continued maintenance of the nuisance in the nature of an easement. *Moser v. Burlington*, 162 N. C., 141, 78 S. E., 74; *Hines v. Rocky Mount, supra; Metz v. Asheville*, 150 N. C., 748, 64 S. E., 881; *Williams v. Greenville*, 130 N. C., 93; 40 S. E., 977. In such case, and except as affected by the existence of certain rights peculiar to riparian ownership, a recovery does not seem to depend on whether damage is caused through the medium of polluted water or noxious air; the injury is considered a taking or appropriation of the property to that extent, and compensation may be awarded. *Donnell v.*

*Greensboro, supra; Brown v. Chemical Co., supra; Wagner v. Conover,* 200 N. C., 82, 156 S. E., 167.

Our decisions are also in support of the proposition that where the injuries are by reason of structures or conditions permanent in their nature, and their existence and maintenance is guaranteed or protected by the power of eminent domain or because the interest of the public therein is of such an exigent nature that the right of abatement at the instance of an individual is of necessity denied, it is open to either plaintiff or defendant to demand that permanent damages be awarded; the proceedings in such cases to some extent taking on the nature of condemning an easement. *Rhodes v. Durham,* 165 N. C., 679, 81 S. E., 938.

It follows that as to plaintiffs' cause of action for damages for the pollution of a stream crossing their property was properly tried upon the theory that permanent damages should be assessed and paid. As to the appropriation of an easement in plaintiffs' land, however, to entitle the plaintiff to permanent damages it must appear that the wrong committed by the defendant or the use of plaintiffs' property is continuing in its nature. Single and individual acts of trespass may not be considered.

The plaintiff alleged and sought to prove that in the construction of defendant's plant on Abbotts Creek timber, underbrush and shrubbery were cut off the banks of the stream; that such timber, etc., served as a protection against erosion of the banks during heavy rains, and that by reason of the cutting of the timber, etc., the stream has been filled in causing it to more easily overflow and damage plaintiffs' property. There is no evidence to support this allegation as against the defendant. The plaintiff testified: "I saw the right-of-way had been cut out on up the stream. It was young growth that was cut off on my land and the ditch bank was cleared off." He offered a witness who testified that he, as an employee of the WPA, together with a dozen or fifteen others, "went down the ditch just below the bridge, I will say 200 feet, and cut off the underbrush. We used a briar scythe; we started down at the water and come up to the top of the bank, and piled it back and burned it. That was while the disposal plant was under construction. I was working for the WPA and not for the town of Kernersville." This being in substance the only evidence offered by the plaintiff, it is insufficient to charge the defendant with liability for any resulting damages.

The plaintiff likewise testified that shortly after the disposal plant was completed, or during the period of its construction, he walked up the stream and "I noticed the ditch had been straightened up there, leaving the banks raw. Where the creek had been straightened they

put in stakes and poles and the trash and brush had been thrown in behind those poles. It come a heavy rain in 1937 and washed all the poles and trash down the creek, consequently it lodged on the lower bank part of my bottom and filled the ditch up and then it began overflowing. There was nothing done on my land in connection with the ditch except this undergrowth was cut off. The ditch was not straightened on my land. It was straightened down to it." There is no allegation in the complaint of this alleged trespass. Even if it be conceded that the straightening of the stream in the manner testified by the plaintiff on property lying above that of the plaintiff constituted a trespass and that the evidence is sufficient (which it is not) to show that the defendant straightened the stream and braced the banks in the manner indicated by plaintiff's testimony, it constituted a single trespass, which was not continuing in its nature.

The court submitted only one issue which was as to the permanent damages, if any, plaintiff is entitled to recover. On this issue it submitted to the jury for its consideration the evidence as to the trespass by someone in cutting the underbrush and small growth on the banks of the stream and the evidence tending to show that someone had straightened the stream and that the logs and underbrush used to brace the banks had washed away and lodged on plaintiffs' property in such manner as to cause it to more easily overflow. It also submitted for the jury's consideration evidence that mosquitoes had been more prevalent since 1937 without evidence to show any causal connection between this condition and the discharge of sewage and dye water into the stream. It likewise submitted evidence that plaintiffs had sold their cow since 1937 without showing any causal connection between such act and the condition of the stream due to the pollution thereof.

Just to what extent the consideration of these elements of damages in respect to individual trespass and in respect to the prevalence of mosquitoes and the sale of the cow of plaintiffs entered into the deliberations of the jury in assessing permanent damages we are unable to determine on this record.

The plaintiff is entitled to have permanent damages assessed for the maintenance of the continuing nuisance alleged, if established, or rather for the appropriation by the defendant of an easement over and across the lands of the plaintiffs in the use of the stream in the manner complained of. The damages to be thus assessed are those which are proximately caused by the use of the stream by the defendant in the manner alleged by the plaintiff, if it is found that it is so used, which is a continuing and permanent use amounting to the appropriation of an easement. The damages are to be assessed as of the time the defendant first began to discharge into the stream water and other substance which

polluted the water and produced noxious and offensive odors on plaintiffs' land. The damages are to be ascertained upon the basis of the difference between the fair and reasonable market value of the property just before the defendant began to so use the stream and the fair and reasonable market value thereof just after the beginning of such use, assessed upon the theory that the defendant at that time took and appropriated an interest in the property of the plaintiffs for which it must pay. Past, present and prospective damages are not to be considered.

Reversed as to defendant Vance Knitting Company, Inc.

New trial as to defendant town of Kernersville.