MAMIE STOWE v. THE CITY OF GASTONIA, a Municipal Corporation,
    and GASTONIA COMBED YARN CORPORATION.

(Filed 23 November, 1949.)

**Municipal Corporations § 15b: Waters and Watercourses § 3: Nuisances § 3d—**

The complaint alleged that defendant corporation discharged industrial
wastes into a stream above plaintiff's property and that defendant munici-
pality discharged sewage therein, and that the several, joint and concur-
rent acts of both defendants rendered the waters of the creek polluted
and constituted a continuing trespass and nuisance to the damage of plain-
tiff's property. *Held:* Demurrer on the ground of misjoinder of parties
and causes was properly overruled.

Appeal by defendants from *Bobbitt, J.,* at August Civil Term, 1949,
of Gaston.

Civil action to recover damages allegedly resulting from a nuisance,
created by the several, joint and concurrent acts of defendants as set forth
in the complaint, and for injunction against continuance of such acts.

Plaintiff alleges in her complaint: That she is the owner of a certain
tract of land situated on Catawba Creek, in Gaston County, North Caro-
lina; that, prior to the acts hereinafter described, the water of said creek,
as it flowed through, and adjacent to the lands of the plaintiff, was free
of industrial wastes, noxious odors, sewage and poisonous substances, etc.;
that defendant, Gastonia Combed Yarn Corporation, has constructed,
maintains and uses a pipe line from one or more of its factories to
Catawba Creek, and through said line discharges into said creek above the
land of plaintiff wastes from its manufacturing processes,—sodium
hydroxide, caustic sodas, dyes, chemicals and industrial wastes; that
defendant, City of Gastonia, owns, maintains and operates a sewer system
which carries sewage and other wastes to, and empties same into the
sewage disposal plant, owned, maintained and operated by it, and located
on Catawba Creek above the land of plaintiff; that the said disposal plant
discharges its wastes into Catawba Creek; "that the defendant City,
through its sewer system and sewage disposal plant, and the defendant,
Gastonia Combed Yarn Corporation, through its pipe line, are now and
have been for several years past discharging into Catawba Creek sub-
stances as hereinbefore set out so that the two defendants have joined
together and contaminated the waters of Catawba Creek so that by the
several, joint and concurrent acts of both defendants the waters of said
creek have become polluted and filled with a filthy sediment, impregnated
with foul, nauseating and abhorrent stenches and odors, etc.," such as to
constitute a continuing trespass and a nuisance, to the damage of plaintiff
in substantial amount.

Defendants demurred to the complaint upon the ground that there is a misjoinder (1) of parties, and (2) of causes of action. The demurrers were overruled, and defendants appeal to the Supreme Court and assign error.

*Tillett & Campbell and Wade H. Sanders for plaintiff, appellee.*

*Ernest R. Warren for City of Gastonia.*

*George B. Mason and Cherry & Hollowell for Gastonia Combed Yarn Corporation, defendants, appellants.*

WINBORNE, J. There is striking similarity in the allegations contained in the complaint in the present action and those set forth in the complaints in the case of *Moses v. Town of Morganton, and others,* reported in 192 N.C. 102, 133 S.E. 421, and in the case of *Lineberger v. City of Gastonia, and others,* reported in 196 N.C. 445, 146 S.E. 79. It is there held, under similar circumstances and conditions, that there was no misjoinder of parties or of causes of action.

The cases of *Hampton v. Spindale,* 210 N.C. 546, 187 S.E. 775, and *Clinard v. Town of Kernersville,* 215 N.C. 745, 3 S.E. 2d 267, upon which appellants rely, are distinguishable in factual situation.

Hence, upon the authority of *Moses v. Morganton, supra,* and *Lineberger v. Gastonia, supra,* in pertinent aspect, the demurrers were properly overruled.

Affirmed.