MINNIE GENEVA SYKES v. T. J. SYKES AND HIS WIFE, JENNIE SYKES.

(Filed 10 April, 1929.)

1. **Water and Water Courses C a—Upper proprietor does not incur liability for merely accelerating flow of surface waters.**

   The upper proprietor of adjoining lands has the right to accelerate the flow of water upon his own lands without changing its course upon the lands of the lower proprietor without liability for damage to the land of the lower proprietor.

2. **Same—Upper proprietor does not incur liability for filling in ditch of private road on his land.**

   Where the evidence is conflicting as to whether a ditch was on the land of an upper proprietor or on a public roadway the question is for the jury under proper instructions from the court, and upon their finding that the roadway was private the upper proprietor is not liable for damages caused to the land of the lower proprietor by filling the ditch and accelerating the flow of surface water.

APPEAL by plaintiff from *Harris, J.,* at November Term, 1928, of FRANKLIN. No error.

Action to recover damages resulting from injuries to plaintiff's land, caused by the alleged wrongful act of defendants in filling a ditch, and thereby causing water from defendants' land to overflow plaintiff's land.

The answer to the first issue submitted to the jury was determinative of plaintiff's right to recover in this action. The jury found that plaintiff had not been damaged by the negligence of defendants.

From judgment that plaintiff recover nothing of defendants, plaintiff appealed to the Supreme Court.

*H. L. Godwin, Yarborough & Yarborough and G. M. Beam for plaintiff.*
*Cooley & Bone and Ben T. Holden for defendants.*

CONNOR, J. Plaintiff and defendants own adjoining tracts of land, situate in Franklin County; both tracts front on the Louisburg and Nashville highway. They are divided by a road, which plaintiff alleges is a public road, known as the Spring Hope road; this allegation is denied by defendants. They contend that this dividing road, is merely a neighborhood path, located partly on their land and partly on plaintiff's land. The ditch which plaintiff contends defendants filled up by plowing over same, is on defendants' side of this road or path. The natural drainage from defendants' land is toward plaintiff's land.

The court instructed the jury as follows: "Before the plaintiff can recover the court charges you that you must find (1) that this was a public road; (2) that there was a ditch or furrow on the east side of that public road, and (3) that that ditch was stopped up by defendants. If you shall find from the evidence that this was not a public road, then the plaintiff cannot recover."

Plaintiff excepted to this instruction and assigns same as error. The evidence as to the character of the road was conflicting. We find no error in the instruction. If the ditch was not on a public road, but on defendants' land, defendants had the right to fill it, and are not liable to plaintiff for damages, if any, caused by filling the ditch. Defendants, as the upper proprietors, had the right to accelerate and even increase the flow of water from their land to the land of plaintiff, the lower proprietor. *Winchester v. Byers,* 196 N. C., 383. There was no evidence that the water was diverted from its natural course. Nor was there evidence tending to show that the ditch had been constructed and maintained by mutual agreement as part of a general system of drainage for both plaintiff's and defendants' lands. If the ditch was on defendants' land, and not on a public road, defendants' act in filling the ditch was not a wrongful act; if damage resulted to plaintiff's land, defendants are not liable.

Other assignments of error have been duly considered; they cannot be sustained. The judgment is affirmed. There is

No error.