JAMES T. SPEIGHT AND MAGGIE B. SPEIGHT v. ELIJAH H. GRIFFIN AND EDITH V. GRIFFIN

No. 7418SC899

(Filed 19 March 1975)

**Waters and Watercourses § 1— diversion of flow of surface waters — concrete driveway**

The evidence was insufficient to support a cause of action against defendants for diversion of the natural flow of surface water onto plaintiff's property where it tended to show only that the parties are adjoining lot owners, defendants' property is higher than plaintiff's, defendants replaced a gravel driveway near the property line of the parties with a concrete driveway, and the concrete driveway does not absorb and drain water away from plaintiff's lower lot as the gravel driveway did but the water now flows across the driveway and accumulates under plaintiff's house.

APPEAL by plaintiff, Maggie B. Speight, from *Long, Judge.* Judgment entered 29 May 1974 in Superior Court, GUILFORD County. Heard in the Court of Appeals 17 January 1975.

This is an action to recover for trespass and diversion of water onto plaintiff's property.

Plaintiff and defendants are adjoining lot owners on Willow Road in a subdivision in Guilford County. Defendants' property is on higher ground that plaintiff's. Defendants formerly had a gravel driveway which ran from the street towards the rear of the lots and was located near the property line of the parties. There was no problem with water from defendants' higher lot. The water generally flowed down the gravel driveway to the rear of the lots. Plaintiff has a drainage ditch at the rear of her lot. Plaintiff's trouble with water from defendants' lot began after defendants replaced the gravel driveway with a higher concrete driveway. Instead of going down the driveway to the rear of the lot, the water now flows across and seeps under the driveway onto plaintiff's property causing much water to accumulate under her house.

The jury found that defendants diverted the natural flow of surface water onto plaintiff's property and awarded damages in the amount of $1,000.00.

The court then allowed defendants' motion for judgment notwithstanding the verdict.

*Norman B. Smith for plaintiff appellants.*

*Pell, Pell & Weston, by Gerald A. Pell and Alston and Hart by E. L. Alston, Jr., attorneys for defendant appellees.*

VAUGHN, Judge.

We agree with the trial judge's conclusion that there was no competent evidence to support a cause of action against defendants for diversion of the natural flow of surface water onto plaintiff's property.

In some respects the case is similar to *Sykes v. Sykes,* 197 N.C. 37, 147 S.E. 621 (1929), where plaintiff and defendants owned adjoining rural tracts fronting on the highway. The tracts were divided by what was found to be a private road. Defendants' land was higher than plaintiff's and water flowed across his land towards defendants' property until it reached a ditch on defendants' side of the road. It then flowed down the ditch to the rear of the properties with no damage to plaintiff. Defendants then filled the ditch with dirt. The closing of the ditch caused most of the surface water to flow directly across the road onto plaintiff's property and resulted in great damage to plaintiff. The court held:

> "If the ditch was not on a public road, but on defendants' land, defendants had the right to fill it, and are not liable to plaintiff for damages, if any, caused by filling the ditch. Defendants, as the upper proprietors, had the right to accelerate and even increase the flow of water from their land to the land of plaintiff, the lower proprietor."

In the case now before us the property is located in an urban residential area. Defendants' land is higher than plaintiff's and surface waters naturally flow from defendants' property to that of plaintiff. Defendants' old gravel driveway tended to absorb and drain surface waters away from plaintiff's property. They, as was their right, replaced the gravel driveway with a concrete driveway. That the new concrete driveway does not absorb and drain water away from plaintiff's lower lot does not give rise to a cause of action against defendants.

The judgment from which plaintiff appeals is, in all respects, affirmed.

Affirmed.

Judges MARTIN and ARNOLD concur.